BUSH, RECEIVER *v.* BARKSDALE.

Opinion delivered February 7, 1916.

1. APPEALS—RIGHT OF APPELLANT TO DISMISS APPEAL—PRACTICE.—An appeal in any case may be dismissed by the appellant as a matter of right, for the purpose of praying another appeal, or in any case other than an order granting a new trial, for the purpose of submitting to the judgment appealed from.

2. NEW TRIAL—FINALITY OF ORDER—WHEN APPEALABLE.—An order granting a new trial is a final and appealable judgment, if the appellant stipulates as required in Kirby's Digest, § 1188, that if the order be affirmed, judgment absolute shall be rendered against him.

3.  NEW TRIAL—FINAL ORDER—APPEAL—STIPULATION BY APPELLANT—ELEC-
    TION.—Where appellant appealed from an order granting a new
    trial, the stipulation of appellant, filed under Kirby's Digest, §
    1188, that if the order be affirmed, judgment absolute may be ren-
    dered against him, the stipulation constitutes an election not to
    submit to a new trial, and it is irrevocable; it deprives the trial
    court of jurisdiction to proceed with another trial except "for an
    assessment of damages or other proceedings to render the judg-
    ment effectual" in case the Supreme Court "shall determine that no
    error was committed in granting the new trial."

4.  NEW TRIAL—APPEAL FROM ORDER GRANTING.—An order granting a
    new trial is necessarily self-executing and can not be superseded
    except by an appeal taken in the manner prescribed by the statute,
    and when the appeal is taken the force of the order can not be
    reinstated by an abandonment of the appeal.

5.  NEW TRIAL—APPEAL FROM ORDER GRANTING—FAILURE TO PROSECUTE—
    AFFIRMANCE.—If an appeal from an order granting a new trial is
    not prosecuted, under Kirby's Digest, § 1195, the appellee may file
    a transcript of the record, and ask for an affirmance, which will
    operate as a final adjudication of the rights of the parties in the
    subject-matter of the litigation.

6.  ELECTION OF REMEDIES—REVOCABILITY.—An election of remedies is
    irrevocable.

Appeal from Lonoke Circuit Court; *G. W. Emerson*,
Special Judge; affirmed.

*Troy Pace*, for appellant.

Where no supersedeas bond is filed appellant has
a right to dismiss his appeal under the statute. Kir-
by's Digest, § 1229; 14 Ark. 164; 36 *Id*. 511; 85 *Id*. 30.

*F. W. Rawles, Trimble & Williams, Sam M. Was-
sell* and *Harry M. Woods*, for appellee.

The order of the lower court should be affirmed with
directions to render judgment absolute. 98 Ark. 304;
Kirby's Dig., § 1195.

PER CURIAM. This is an appeal from an order of the
circuit court granting appellee's motion for a new trial.
Appellant filed a stipulation, in accordance with the
terms of the statute, containing "an assent on the part
of the appellant that, if the order be affirmed, judgment
absolute shall be rendered against the appellant." Kir-
by's Digest, § 1188.

The transcript was not lodged in this court within ninety days, as required by statute, and appellee filed a motion to affirm the judgment in accordance with the rules of the court. The rules provide that an appellant may, at any time before such a motion is submitted to the court, prevent a judgment of affirmance by offering to prosecute the appeal or to dismiss the appeal, in which case the motion to affirm shall be overruled as a matter of course. In this case the appellant responded to the motion by a motion to dismiss the appeal. That motion is contested by appellee on the ground that appellant can not dismiss an appeal from an order granting a new trial. The contention of appellee is not sound, strictly speaking, for an appeal in any case may be dismissed by the appellant as a matter of right, for the purpose of praying another appeal or, in any case other than an order granting a new trial, for the purpose of submitting to the judgment appealed from. But appellant does not seek to dismiss the appeal for the purpose of prosecuting another appeal. It is candidly conceded that another appeal would be unavailing for the reason that there is no bill of exceptions in the case and that the judgment would be affirmed on that account. The purpose is to dismiss the appeal in order to submit to the order granting a new trial. The real question presented to us for decision is whether or not such an appeal can be abandoned so as to proceed with a new trial.

(1-2) The decision of that question calls for a construction of the statute on the subject. It provides, as before indicated, that no appeal from an order granting a new trial "shall be effectual for any purpose, unless the notice of appeal contains an assent on the part of the appellant that, if the order be affirmed, judgment absolute shall be rendered against the appellant." It is further provided by statute that on appeal from an order granting a new trial, " if the Supreme Court shall determine that no error was committed in granting the new trial, they shall render judgment absolute upon the right of the appellant; and after the proceedings are remitted to the court from which the appeal was taken, an assess-

ment of damages or other proceedings to render judgment effectual, may be then and there had in cases where such subsequent proceedings are requisite." Kirby's Digest, section 1238. The effect of the statute is to make the order granting a new trial a final and appealable judgment, if the appellant stipulates as above indicated; otherwise the order is not applicable. We have so treated such orders in many cases. *Osborn v. LeMaire,* 82 Ark. 490; *Hudleston v. St. Louis, I. M. & S. Ry. Co.,* 88 Ark. 454; *Taylor v. Grant Lumber Co.,* 94 Ark. 566; *Blackwood v. Eads,* 98 Ark. 304; *McDonnell v. St. Louis S. W. Ry. Co.,* 98 Ark. 334; *McIlroy v. Arkansas Valley Trust Co.,* 100 Ark. 596. There is a discussion of other subdivisions of the same section of the statute in the case of *Davie v. Davie,* 52 Ark. 224, and in the recent case of *State, ex rel. v. Greenville Sand & Gravel Co.,* 122 Ark. 151, where it was held that interlocutory orders can not be appealed from.

(3-6) But, as before stated, an order granting a new trial is by the statute made final upon the filing of a stipulation that it may be so treated, as a decision either way as to the correctness of the order settles the rights of the parties. The stipulation constitutes an election not to submit to a new trial, and it is irrevocable. It deprives the trial court of jurisdiction to proceed with another trial except "for an assessment of damages or other proceedings to render the judgment effectual" in case this court "shall determine that no error was committed in granting the new trial." The order granting a new trial is necessarily self-executing and can not be superseded except by an appeal taken in the manner prescribed by the statute, and when the appeal is taken the force of the order can not be reinstated by an abandonment of the appeal. If the appeal be not prosecuted, the appellee has the right under the statute (Kirby's Digest, section 1195), to file a transcript of the record, and ask for an affirmance, which operates as a final adjudication of the rights of the parties in the subject-matter of the litigation. The principle that an election of remedies is irrevocable seems too plain for argument to the con-

trary, and its application to the proceeding now under discussion is obviously proper. 15 Cyclopedia of Law, 262.

The motion of appellant to dismiss the appeal is therefore overruled, and judgment absolute will be entered to the effect that appellee is entitled to recover in accordance with the prayer of his complaint, and the cause will be remanded for an assessment of damages and for other proceedings not inconsistent with this opinion. It is so ordered.