ETCHERSON *v.* HAMIL.

Opinion delivered November 5, 1917.

1. ADVERSE POSSESSION—CLAIM OF PERSON IN POSSESSION.—A person acquires title to land by adverse possession, where by mistake he encloses and occupies more land than he intended to, but all the time claims title thereto; but where he occupies more land than his own but claims title only to the exact and true boundary line, he acquires no title beyond the actual boundary.

2. APPEAL AND ERROR—GRANTING MOTION FOR NEW TRIAL—FINALITY.—Where a verdict was rendered in appellant's favor, but the trial court granted a new trial, appellant can not later complain, where he submitted to the court's order, and went to a second trial where judgment was rendered against him.

Appeal from Randolph Circuit Court; *J. B. Baker,* Judge; affirmed.

*T. W. Campbell* and *W. L. Pope,* for appellants

1. The first verdict was right, and should have been allowed to stand. It was error to set it aside. There was a variance between allegation and proof. The verdict was correct and it was an arbitrary abuse of discretion to set it aside. 2 Cyc. 559; 43 S. W. 426; 38 *Id.* 433.

2. The instructions are erroneous. Hamil farmed the land more than twenty years before suit but intended to claim and claimed only to the true line and his title never ripened by adverse possession. The instructions asked by appellants should have been given. 80 Ark. 444; 101 *Id.* 409; 100 *Id.* 555; 83 *Id.* 74; 2 C. J. 139. The instructions given were error.

3. The remarks of the judge to the jury were reversible error. 58 Ark. 108; 53 *Id.* 381.

4. There is no proof that appellants cut any timber from the land described in the complaint or amended complaint before the suit.

*Jno. W. Meeks, C. H. Henderson* and *McCaleb & Reeder,* for appellee.

1.  Appellants should have appealed from the order setting aside the first verdict. They elected to submit to a new trial. 122 Ark. 262.

2.  The instructions refused did not state the law correctly and were properly refused. 80 Ark. 444; 101 *Id.* 409; 100 *Id.* 555; 83 *Id.* 74. Appellee's possession was adverse and ripened into title. *Supra.*

3.  The instructions given were correct. Cases *supra.*

4.  The evidence shows a trespass before suit and the evidence supports the verdict. There is no error.

5.  The bill of exceptions fails to show any remarks of the court, or exceptions thereto. 126 Ark. 305.

SMITH, J. Appellee filed a suit in which he alleged his ownership of the southeast quarter of Section 23, Township 19 North, Range 1 East, inuring from fifteen years' continuous possession, and that appellants had trespassed thereon by cutting timber of the value of $34.43. It was alleged that appellants knew themselves to be trespassers, and treble damages were prayed. At the trial below appellee undertook to show that the timber had been cut on the land above described; whereas appellants undertook to show that the timber had been cut on the northeast quarter of the same section, which was owned by him.

There was testimony in regard to several different surveys, which varied in the location of the line between the two quarter sections of land, and the jury evidently found that the timber was cut on the northeast quarter of the section, for a verdict was returned in favor of appellants. A motion for a new trial was filed and granted, and before the second trial appellee amended his complaint to allege ownership of the part of the northeast quarter on which the timber was cut. At the trial from which this appeal was prosecuted, appellee offered proof of his enclosure of the land in controversy, and while there is a conflict in this testimony, it was amply sufficient to support a finding that appellee had maintained his enclosure for more than seven years, and there

was a verdict in appellee's favor for $15, which was the market value of the timber.

Appellants say the proof does not show that appellee claimed title to the land beyond his true line, and they base this contention upon appellee's answer to a question that "I was trying to claim all that belonged to me, and no more, like a reasonable, honest man." But his testimony, considered as a whole, makes it perfectly apparent that he was claiming title to all the land which had been enclosed. He supposed his fence was on the true line, which he had had surveyed by the county surveyor, and he had occupied as owner, all the land which the fence enclosed, claiming the title thereto.

Appellants requested instructions to the effect that, if appellee held possession of the land under an erroneous belief that he had his fence on the correct line, when, in fact, he did not have his fence on the correct line, his possession of said land was not adverse; and that, if when appellee built his fence, he only intended to put it on the true line, but was mistaken as to what was the true line, and put the fence east of the true line, then his possession was not adverse.

(1) These instructions were properly refused, because they did not declare the law as stated by this court in the case of *Shirey* v. *Whitlow,* 80 Ark. 444. It was there said: "When a landowner, acting under a mistake as to the true boundary between his land and that of another, takes possession of land of another, believing it to be his own, incloses it, claims title to it and holds possession for the statutory period, he becomes the owner, for such possession and claim of title, though founded on a mistake, would be adverse; but this would not be so if his intention was to claim only to the true line, wherever that may be, for then the possession would not be adverse beyond such line. *Wilson* v. *Hunter,* 59 Ark. 628; 1 Cyc. 1037, and cases cited."

It would not have been sufficient for the jury to have found, as stated in the requested instructions, that appellee had only intended to put his fence on the true

line and had been mistaken as to where that line was; but, to have been correct, the instruction should also have required a finding that it was only appellee's intention to claim to the true line, wherever that line might be. See also *Goodwin* v. *Garibaldi,* 83 Ark. 74; *O'Neal* v. *Ross,* 100 Ark. 555; *Butler* v. *Hines,* 101 Ark. 409.

Appellants say no error was committed at the first trial, and that the court erred in setting aside the verdict of the jury and granting a new trial.

(2) Sections 1188 and 1238 of Kirby's Digest make the order of the court granting a new trial a final and appealable judgment, from which an appeal may be taken upon compliance with the statute authorizing it. Appellants had the right to prosecute an appeal from the order of the court granting a new trial and to have had then a review of the question he now presents. He did not do so, however, but elected rather to try again the issues before another jury, and he is now bound by his election. *Bush, Recvr. St. L., I. M. & S. Ry. Co.* v. *Barksdale,* 122 Ark. 262.

It is finally insisted that the evidence does not show that the trespass was committed before the suit was brought. No express statement to this effect is found in the record; but that such was the case is, not only fairly, but is necessarily, inferable from the evidence.

Finding no error, the judgment is affirmed.