BELDING *v.* WHITTINGTON.

Opinion delivered July 10, 1922.

1. VENDOR AND PURCHASER—ELECTION OF REMEDIES.—Where a vendor fails to comply with his contract to execute a deed, the vendee may sue him for damages for his failure to comply therewith; but when he elects to do so, he necessarily abandons his right to require the vendor to perform the contract specifically by executing the deed.

2. ELECTION OF REMEDIES—IRREVOCABILITY—An election between remedies, in the absence of a mistake as to material facts, is irrevocable.

3. APPEAL AND ERROR—DECREE CORRECT THOUGH BASED ON ERRONEOUS REASON.—Where, in answer to a plea in abatement setting up a prior action for damages for breach of contract to convey land as a bar to a suit for specific performance of such contract, plaintiffs did not ask for a transfer to the law court in the event of an adverse decision on the plea, a decree dismissing the complaint, though assigning an erroneous reason, is correct, and will be affirmed.

Appeal from Garland Chancery Court; *Jethro P. Henderson,* Chancellor; affirmed.

*A. B. Belding* and *C. T. Cotham,* for appellants.

Plaintiffs were entitled to specific performance of their contract. 36 Cyc. 761 and cases cited in notes; 81 S. W. 419; 33 Ark. 550; 25 R. C. L. 327, and cases cited.

*L. E. Sawyer,* and *Martin, Wootton & Martin,* for appellees.

1. Appellants are precluded from recovering in this action because they elected to treat the contract as breached and sought remedy at law for damages, inconsistent with the equitable relief prayed for in this action. They are bound by their election. 83 Ark. 304; Elliott on Contracts, vol. 3, § 2097.

2. The limitation in the power of attorney from Whittington and wife to Dr. Wootton, which expressly denied the right of the latter to sell real estate in Garland County belonging to the former, was known to the appellants, and makes inapplicable the principle of law that an agent, in the conduct of business for a principal, binds the principal as to all acts within the apparent scope of his authority. Moreover, in specific performance cases, an agent is held to strict compliance with his authority, or the principal must have subsequently ratified his contract. 104 Ark. 464.

Courts will not decree specific performance where it is impossible. The title to the land, at the filing of this suit, was, and is, in an innocent purchaser.

*A. B. Belding* and *C. T. Cotham,* in reply.

The mere bringing of a suit for damages, which is not prosecuted to a final decision but dismissed, does not amount to an election of remedy that will bar a subsequent action for specific performance of the contract. 111 Mass. 270; 227 Mo. 193; 21 R. I. 223; 72 N. J. Eq. 780; 141 Ia. 225; 144 *Id.* 187; 36 L. R. A. 195; 40 Minn. 424-8; 87 Fed. 390.

The mere fact that a party mistakes his remedy and pursued the wrong one at first may not prevent him from afterwards pursuing another remedy. This is the

concluding statement of section 2097 of 3 Elliott on Contracts, relied on by appellants, and is our case exactly.

WOOD, J.   This action was instituted by the appellants against the appellees in the Garland County Chancery Court.   The appellants in their complaint set out the following contract: "Received of A. B. Belding and A. C. Jennings the sum of $200 (two hundred dollars) as a part of the agreed purchase price of the Plateau Hotel property in the city of Hot Springs, being approximately 42x90 feet, the agreed purchase price being $24,500 (twenty-four thousand five hundred) nineteen thousand five hundred in cash, balance at rate of six per cent. per annum.   I hereby agree to have same released from deed of trust now held by Southern Trust Co., of Little Rock, if possible.   Deferred payments of five thousand to be carried by me for one year.   As part payment I agree to accept Liberty bonds as part cash.   (Signed)

"W. T. WOOTTON, Attorney in fact.

"H. A. WHITTINGTON,

"E. W. WOOTON."

The appellants, among other things, alleged the execution of the contract, and that the appellants had always been ready and willing to comply with all terms of the contract on their part; that the appellees, H. A. Whittington and the Woottons, had refused to perform the contract on their part, but on the contrary, in violation of the terms of the contract, had sold the land described in the contract to one Peter Gartenberg for the consideration of $24,500, and had executed to him a warranty deed for the property; that Gartenberg purchased the property with full knowledge of the rights of the appellants under their contract as above set forth.   They further alleged that Mrs. Carolyn W. Whittington, the wife of H. A. Whittington, who had a dower interest in the property, had ratified the sale to the appellants; that she also joined in the warranty deed, conveying her rights of dower and homestead to Gartenberg.   The appellants alleged that

Gartenberg and his wife on the 8th of May, 1919, executed a deed of trust to C. E. Marsh, as trustee, to secure the payment of certain promissory notes to H. & G. Strauss in the sum of $14,000; that at the time of the execution of this deed of trust Marsh, the trustee, and H. & G. Strauss had knowledge of the sale of the property to the appellants and of their rights therein; that Gartenberg, by reason of the above conveyance to him, was constituted a constructive trustee for the appellants; that the conveyance to H. & G. Strauss constituted a cloud on the title of appellants.

All of the above parties named were made defendants in the action, and the prayer of the complaint was that, upon the payment of the balance of the purchase money, the appellants be declared owners of the land, and that title thereto be divested out of the appellees and vested in them; that the appellees be directed to have proper conveyances executed to vest the fee title in the appellants. There was also a prayer for rents and profits, and an alternative prayer that, if specific performance were impossible, the appellants have judgment for their damages in addition to the rents and profits in the sum of $1,700, and for all other and general relief.

There was a general demurrer to the complaint, which was overruled. A "plea in abatement" was filed in which it was alleged that on the 3d day of May, 1919, appellants filed a complaint in the Garland Circuit Court against the Woottons and H. A. Whittington, alleging that the latter had breached their contract for the sale of the property to the appellants whereby they had damaged appellants in the sum of $1,320, for which they prayed judgment, and also for a return of the $200 purchase money paid by the appellants. It was set up in the "plea in abatement" that, by reason of such action in the Garland Circuit Court, the appellants had waived any and all rights they had to the specific performance of the contract and for damages growing out of failure to specifically perform same.

The appellants replied to the "plea in abatement" and admitted that they filed a complaint in the Garland Circuit Court as alleged in the plea, but they averred that on the 13th day of September, 1919, the action for damages in the Garland Circuit Court was dismissed without prejudice, and they attached to their reply a duly certified copy of the order dismissing the action without prejudice. They therefore alleged that they had not waived, and were not barred of, their rights to prosecute the present action. The court overruled the "plea in abatement," and the appellees filed separate answers, especially reserving therein their rights as set up in the "plea in abatement." The execution of the contract set out above was admitted, and it was also admitted that the property was sold, as alleged, to Peter Gartenberg. All other material allegations of the complaint were specifically denied, and it was denied that the appellants were entitled to a specific performance of the contract.

The cause was heard upon the pleadings and the depositions of the witnesses. The court rendered a decree in favor of appellants against H. A. Whittington and the Woottons in the sum of $200 with interest from the 10th of April, 1919, and dismissed their complaint in all other respects for want of equity. From that decree is this appeal.

The first question for our consideration is whether or not the appellants are barred from maintaining the present action for specific performance because they had instituted an action in the circuit court of Garland County for damages for an alleged breach of the contract on the part of H. A. Whittington and the Woottons in failing to execute and deliver to the appellants a warranty deed to the land in controversy. An action at law for damages growing out of an alleged breach of contract for failure to execute a deed is inconsistent with an action in equity seeking to have the contract specifically performed by having the deed executed. One cannot maintain an action at law for damages growing out

of an alleged breach of contract in failing to execute a deed and at the same time maintain an independent action in equity to require the same party to perform the contract by executing the deed. Where a vendor fails to comply with his contract to execute a deed, unquestionably the vendee may stand on the contract and sue the vendor for damages for his failure to comply therewith, but when the vendee elects to do this he necessarily abandons his right to require the vendor to specifically perform the contract by executing the deed.

In *Bush* v. *Barksdale*, 122 Ark. 262-265, we said: "The principle that an election of remedies is irrevocable seems too plain for argument to the contrary, and its application to the proceeding now under discussion is obviously proper." In 20 Corpus Juris, at page 38, the authors make this statement: "An election, once made between coexisting remedial rights which are inconsistent is not only irrevocable and cannot be withdrawn without due consent, even though it has not been acted upon by another to his detriment, but it is also conclusive and constitutes an absolute bar." Among numerous authorities cited to support the text is the case of *Bush* v. *Barksdale, supra.*

Elliott, in his work on Contracts, vol. 3. sec. 2097, says: "It is the doctrine of election of remedies that one having the choice of two or more inconsistent remedies for his relief is bound by his selection of the remedy he will pursue, and he cannot thereafter avail himself of the other remedies * * *. So, where the party brings an action at law for damages for the breach, he cannot thereafter maintain a suit in equity to enforce specific performance. * * *. It should be observed, however, that the mere fact that a party mistakes his remedy and pursues the wrong one at first may not prevent him from afterwards pursuing another remedy."

In 9 R. C. L. p. 960, sec. 7, is the following statement: "An election of a remedy which has the effect of an estoppel *in pais* or an estoppel by record, in that class

of cases in which the remedies are really inconsistent, is generally considered made when an action has been commenced on one of such remedies. Some courts go so far as to say that in such cases the choice of a remedy once made cannot be withdrawn or reconsidered, though no advantage has been gained nor injury done by the choice, and no injury would be done by setting the choice aside. But the more reasonable rule is that the mere bringing of an action which has been dismissed before judgment, and in which no element of estoppel *in pais* has arisen, that is, where no advantage has been gained or no detriment has been occasioned, is not an election.''

In *Craig* v. *Meriwether,* 84 Ark. 298, 306, we quoted from *Spread* v. *Morgan,* 11 H. L. Cases, 588, as follows: ''In order that a person who is put to his election should be concluded by it, two things are necessary: First, a full knowledge of the nature of the inconsistent rights, and of the necessity of electing between them. Second, an intention to elect, manifested either expressly or by acts which imply choice and acquiescence.'' In the same case we held that one is ''not bound by any election made in ignorance of material facts.'' Citing *White* v. *Beal & Fletcher Gro. Co.,* 65 Ark. 278; *Dudley E. Jones Co.* v. *Daniel,* 67 Ark. 206.

Now, it cannot be said that the appellants, in electing to sue at law for damages for an alleged breach of contract on the part of the Woottons and H. A. Whittington in failing or refusing to make the deed, were pursuing this course on account of a material mistake of facts or ignorance of facts. At least they do not set up any such mistake. Their only contention is that they were not bound by such election of remedies because their suit at law was afterwards voluntarily dismissed by them without prejudice. Appellants will not be heard to say that they did not have knowledge of the nature of their remedies and of the necessity for an election between them, for these are matters of law, and ignorance of the law will not excuse them. Therefore, in the absence of

any facts showing that their election to institute an action at law for damages was based upon a misconception or mistake of facts, they are bound by such election to pursue that course. Their intention to elect this remedy is manifested in the highest manner by the record showing that they had instituted their action for damages.

We are aware that many very able courts hold that the mere bringing of an action which has been dismissed before judgment, and where no advantage has been gained by the party bringing the same, or no deteriment has been occasioned to the party against whom the same is brought, is no election. See cases cited in *Connihan* v. *Thompson,* 111 Mass. 370; *Otto* v. *Young,* 227 Mo. 193. and other cases cited in brief of learned counsel for appellant. But there is also excellent authority to the contrary. See cases cited in 9 R. C. L. 260, notes 1 and 5.

The doctrine of our own court is in accord with the view that where there has once been an election between alternative and inconsistent remedies not occasioned by a mistake or ignorance of material facts, but as the result of a deliberate choice of election between the two, the party making such choice cannot afterwards recant, dismiss his pending action and invoke another remedy in the same or a different forum, even though no positive disadvantage or injury has resulted to the other party. We believe the better reason is to hold one to a deliberate choice once made between inconsistent remedies, where that choice involves nothing more than the determination by the party as to which of two remedies will best subserve his purpose. Certainly this doctrine has the merit of preventing one who is about to hale another into court from making a capricious choice between inconsistent remedies which he may pursue. Because he knows that whatever course he elects to pursue he will not thereafter be allowed to shift his ground, unless he can show that his election was based upon a mistake of material facts. No such showing is presented by the facts of this record.

We conclude therefore that the appellants are barred from maintaining this action for specific performance of the contract because they first elected to prosecute an action for damages for a breach thereof.

In their answer to the plea in abatement the appellants did not ask the trial court, in the event of an adverse decision to them on the plea, to transfer the cause to the law court, and they have not asked this court to direct a transfer of the cause. The decree of the court dismissing the appellants' complaint for want of equity, although for a different reason, is therefore correct, and it is affirmed.