Carol Jean Ford (Now Carol Jean Ford Smith), Plaintiff-Appellant, v. William John Narup, Defendant-Appellee.

**Gen. No. 62–O–2.**

Fourth District.

December 19, 1962.

Griffith & Hoefert, of Alton, for appellant.

No briefs filed for appellee.

SCHEINEMAN, J.

This is an appeal by plaintiff from a verdict and judgment in favor of defendant in a bastardy proceeding under the Paternity Act, Ch 106¾, Ill Rev Stats. In a previous trial, verdict and judgment for plaintiff had been set aside and a new trial granted on motion of defendant. Plaintiff had not appealed from that order granting a new trial.

█ Plaintiff first contends on this appeal that she still has a right to a review of the order granting a new trial since, under Sec 77, Ch 110, Ill Rev Stats, an appeal from an order granting a new trial is not reviewable as a matter of right but is subject to the granting of leave to appeal by the reviewing court.

We cannot agree with this contention. The purpose of the act granting leave to appeal from an order granting a new trial is aptly stated in Wettaw v. Retail Hardware Mut. Fire Ins. Co., 285 Ill App 394, 2 NE2d 162, as being "designed to promote justice, and to prevent a verdict, warranted by the record and justified by the evidence, from being set aside, *and lost to the party who was fairly entitled thereto,* and such litigant forced to undergo the hazards of another trial with its further incidents of delay and expense." (Emphasis supplied.) Having elected to try the issues again instead of seeking a review of the question in compliance with the statute authorizing such review she is now bound by her election.

Though this precise question does not appear to have been ruled upon previously by the courts of this State the conclusion above stated is amply supported in other jurisdictions having statutory provisions authorizing appeals from orders granting new trials. See annota-

246

tion in 67 ALR2d 192; also, Allen v. Morris, 87 Wash 268, 151 P 827; Etcherson v. Hamil, 131 Ark 87, 198 SW 520.

■ Proceeding to a consideration of the merits of this appeal, plaintiff contends that the trial court erred in refusing to enter a judgment notwithstanding the verdict for the reason that all the evidence conclusively shows the defendant to be the father of plaintiff's child. She requests that judgment in her favor be so entered, and that the case be remanded solely for the purpose of taking evidence upon the requirements of the child for its support and maintenance.

Defendant represented himself in the trial court and he has not filed any briefs in this court.

Plaintiff is 24 years of age, married and has two children. She testified that she had known defendant for several years; that on April 18, 1959 she met defendant at a night club-tavern, left with him at about 2:00 or 3:00 a. m. and went to his house where she spent the night, having intercourse with him twice; that she saw him frequently every month after April and always went to bed with him; that she did not have sexual relations with anyone else. She first learned of her pregnancy in October and, when she told defendant, he promised to take care of "everything and the baby". The baby was born January 25, 1960 as a normal full term baby and, as argued by counsel for plaintiff, just nine months and seven days after April 18. Defendant came to see the baby about two weeks after its birth and offered to sign a birth certificate. Plaintiff further stated on direct examination that she did have a menstrual period in May after said April 18th.

Other witnesses testified that they heard defendant say that he would try to do everything to take care of the baby, and that, on one occasion, he introduced another girl as his wife in an attempt to forestall any marriage between him and plaintiff.

247

Defendant denied having sexual relations with plaintiff and denied the child was his. He stated that she had dated every person he knew in Alton and that one individual who had been "keeping her in rent and everything" offered to give him money if he would marry her, that later plaintiff told him the opposite, that this individual wanted to marry her and take her and the child to Hawaii. He was vague about the details of the night of April 18th but he denied having sexual relations with her. He admitted representing to her that he was married to another girl and stated he thought that up as a way of defending himself, that he knew it wasn't his child but he had to try something "to get her off my back."

In rebuttal, plaintiff offered an explanation of the offer of money to defendant by stating that defendant owed back taxes of about $850 on some property and that the individual mentioned offered to lend them the money if she and the defendant were to marry.

On the basis of these facts we cannot say as a matter of law, as plaintiff contends, that defendant has been conclusively proved to be the father of the child. Much stress is placed upon the alleged acts of intercourse on the night of April 18th, the gestation period is even counted by counsel from that date, but plaintiff herself volunteered the information in direct examination that she had a menstrual period in the month following that date. It may be that such fact does not entirely preclude the possibility of conception having taken place on the date in question, but certainly it gives rise to a very substantial doubt that it did. All other claims of sexual intercourse with defendant are vague, general and indefinite.

Defendant, though vague about the affair of April 18th, nonetheless definitely denied ever having sexual relations with plaintiff on that night or at any other time.

■ In effect, the question presented here is one of credibility of witnesses and such question is one for the jury, and not for the court to decide, by the express provisions of the Paternity Act itself. Section 56 thereof provides, ". . . in the trial of issues, the mother and defendant shall be competent witnesses and their credibility shall be left to the court or jury as the case may be." There is no reasonable basis to set aside the verdict of the jury, and the judgment is affirmed.

Judgment affirmed.

CULBERTSON and HOFFMAN, JJ., concur.