SYLVIA BRUCE SMITH v. DELMAR R. SMITH

4733                                    433 S.W. 2d 835

Opinion Delivered November 18, 1968

*Hickman & Forman* for appellant.

*Chapman & Wiley* for appellee.

CONLEY BYRD, Justice.   Appellee Delmar R. Smith's suit against appellant Sylvia Bruce Smith alleged indignities to the person as grounds for the divorce granted on April 25, 1968, by the White County Chancery Court.

In support of his complaint, appellee testified that the parties were married in July, 1965, and separated in October or November; that she nagged and had a high temper; that she told him to get out, which he did, and does not intend to return.

Appellee's mother testified that she knew little about the separation, as follows:

Q. Did you have occasion to observe how they got along?

A. For all I know they got along, I never saw them have any trouble.

Q. Do you know anything about Mrs. Smith's temperament?

A. Well, things bother her.   She gets mad rather easy I would say, gets offended at little things, I think, that should be passed over.

Q. Did you ever see her mad at your son?

A. Well, not that I know of.   They had their talks in the car or up at her house.

Q. She never displayed her temper around you?

A. Oh, I saw her when she acted offended but she never got real mad.

Appellee's other corroborating witness testified that he did not know anything about why they separated.

Appellant testified that the parties were married June 29, 1963, and separated October 7, 1965; that they had cohabited since the separation and that she did not

want a divorce. She has appealed urging (1) the conduct alleged by appellee does not constitute grounds for a divorce and (2) there was no corroborative testimony or evidence to sustain the decree.

Our cases construing Ark. Stat. Ann. § 34-1207 (Repl. 1962), consistently hold that a divorce will not be granted upon the uncorroborated testimony of a party to the suit. Appellee cites a number of cases in which this court has held slight corroboration to have been sufficient to sustain a decree of divorce. However, we find no such corroboration here.

Since we are reversing this case for lack of corroborative evidence to sustain the decree, we do not discuss the first point.

Reversed and remanded to the trial court to assess attorney's fees and costs.