Larry Joe NORMAN *v.* Nancy Alyce NORMAN

CA 79-197                                                596 S.W. 2d 361
Court of Appeals of Arkansas
Opinion delivered March 19, 1980
Released for publication April 9, 1980

*Wallace, Hilburn, Clayton, May & Calhoun, Ltd.,* by: *Charles E. Smith,* for appellant.

*Murphy & Carlisle,* for appellee.

ERNIE E. WRIGHT, Chief Judge. The appellee was awarded a decree of divorce from appellant on September 24, 1971, by the Washington Chancery Court. Custody of the two minor daughters was awarded to appellee, and appellant was required to pay child support pursuant to the agreement approved by the decree. The appellee and children moved to the Phoenix area after the divorce and the appellant has exercised visitation rights by having the children with him for two months during the summer and during certain holidays. Appellant was fully aware of the move of appellee to Arizona, and his visitation rights have been facilitated, in spite of the distance, by reason of his employment with an airline and the courtesy free travel enjoyed by appellant and the children.

The appellee is a career analyst employed by the State of Arizona and earns $13,000.00 per year. She owns a four bedroom condominium town house in Tempe where she and the minor daughters reside.

The children went to appellant's home in Little Rock for their regular visit in the summer of 1978, and the appellant did not return the children to the appellee at the end of the

two months visitation period. The appellee came to Little Rock and succeeded in taking custody of the younger daughter, Shelby, but the older daughter, Sha, became hysterical and she was unable to take Sha back to Arizona.

The appellee petitioned the trial court for an order citing appellant to show cause why he had not complied with the child custody and support provisions of the divorce decree, seeking increased child support and praying for attorney fees and costs. A contempt citation was issued against the appellant for his alleged failure to comply with the decree. The appellant answered the petition and filed a petition for change of custody of both children to him.

The issues were tried in February, 1979, and resulted in an order finding appellant in contempt of court for failure to return the daughter Sha to appellee following the 1978 summer visit, allowing amendment of appellee's petition to include prayer for recovery of all costs incurred by appellee in seeking and obtaining return of the daughter to appellee, awarding appellee $700.00 arrears in child support, increasing the child support to be paid by appellant from $100.00 per month to $58.00 per week, awarding appellee judgment for $3600.00 for expenditures and income loss by appellee in recovering custody of the minor daughter, requiring appellant to pay appellee's unpaid attorney fees, the court costs, and remanding appellee to jail until the delinquent child support should be paid and the daughter returned to appellee.

First, appellant argues for reversal there was inconsistency in some of the testimony of the appellee, that her testimony was not substantiated by other evidence, and that appellant met the burden of presenting adequate evidence to show it was for the best interest of the older daughter that her custody be awarded to appellant.

We have carefully examined the testimony upon which the appellant bases his first assertion of error and we are unable to say the findings of the chancellor are contrary to a preponderance of the evidence. On appeal from the chancery decree findings of fact made by the court stand unless they

are against the preponderance of the evidence, and where the issue is predominately one of credibility between interested parties the chancellor's judgment will be upheld. *Marine Mart, Inc.* v. *L. D. Pearce,* 252 Ark. 601, 480 S.W. 2d 133 (1972).

Appellant argues that the court accepted uncorroborated testimony of the appellee. The rule is the trial court is not required to accept as uncontradicted the testimony of a party to the case. However, this does not mean the trial court must reject uncorroborated testimony. *Stovall* v. *Stovall,* 228 Ark. 1077, 312 S.W. 2d 337 (1958).

Appellant contends the trial court abused its discretion in awarding custody of the children to appellee and expenses and costs of the suit against the appellant.

The custody of the children was awarded by the divorce decree to appellee pursuant to the agreement of the parties. In the present proceeding appellant sought to have the original decree modified to change the custody to him. The appellant had the burden of proof to show changes in circumstances warranting change of custody. *Taliaferro* v. *Taliaferro,* 252 Ark. 1078, 483 S.W. 2d 189 (1972). There is no evidence in the record showing that the appellee has neglected the children or that she is in any way a less suitable custodian of the children than at the time of the original decree. Appellant argues the original settlement agreement provided each party would pay their respective attorney's fee. Clearly the trial court did not construe this provision as applicable to this supplemental proceeding initiated as a result of appellant's violation of the original decree, and we likewise deem the provision limited to the attorney fees incident to the original divorce proceeding. The award of attorney fees in a child custody case is within the sound discretion of the chancellor, and we find no abuse of that discretion. *Hydrick* v. *Hydrick,* 224 Ark. 712, 275 S.W. 2d 878 (1955). We also find no error in the court requiring appellant to pay the expenses and losses sustained by appellee as a result of appellant violating the court decree.

Appellant argues the court abused its discretion in refus-

ing to permit the minor daughter Sha, age 12 years and in the 7th grade, to testify as to her preference for parental custodian.

The daughter did testify and expressed dislike for her step father Mr. Klukas, stating he was mean to them and too strict. She testified she liked living with her father and disliked living with her mother. The judge stated he would not listen to conclusions, but counsel could question the witness about specifics, such as bad actions. The court sustained an objection to the following questions of counsel for appellant: "Would you look at the judge and tell him where you wish to live?", and also to the question, "Now, Sha, do you wish to return to Arizona?" To the last question the witness answered, "No", before the objection was made and sustained. Appellant made no motion to strike the answer. The evidence showed the appellee had obtained a divorce from Mr. Klukas in the summer of 1978, and as there was no other substantial specific evidence of circumstances unsatisfactory to the daughter in the home of the mother, other than the step father, we do not find prejudicial error in the court's rulings with respect to the testimony of the daughter. In *Moore* v. *Smith,* 255 Ark. 249, 499 S.W. 2d 634 (1973), the court approved the trial court giving consideration to the emphatic testimony of a twelve year old son that he preferred to live with his father. However, the son had given lengthy specific testimony about unsatisfactory conditions in the home of the mother, including a man to whom the mother was not married living in the house with the mother. The court pointed out that the attitude and wishes of the child, although not controlling, are a proper consideration in making an award of custody.

We review the chancellor's decision *de novo* on appeal, and in doing so we construe the testimony of the daughter Sha as expressing a preference to live with her father. However, the only specific objection she expressed about the home of her mother related to the step father, and the mother and step father were divorced several months prior to trial.

We find no basis in the evidence for changing custody.

Affirmed.