THE CELOTEX CORPORATION and KNOX GILL COMPANY *v.* THE LITTLE ROCK SCHOOL DISTRICT OF PULASKI COUNTY, Arkansas, A Body Corporate, et al

82-8                                    637 S.W.2d 566

Supreme Court of Arkansas
Opinion delivered July 12, 1982
[Opinion Amended on Denial of Rehearing
September 13, 1982.]

*House, Holmes & Jewell, P.A.,* by: *Robert L. Robinson, Jr.* and *Kathryn D. Holt,* for appellant Celotex Corporation.

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* by: *Peter B. Heister,* for appellant Knox Gill Company.

*Wright, Lindsey & Jennings,* for appellee Cromwell, Neyland, Truemper, Levy and Gatchell, Inc.

*Friday, Eldredge & Clark,* by: *Michael G. Thompson,* for appellee and cross-appellant Little Rock School District.

RICHARD B. ADKISSON, Chief Justice. This is a second appeal from a suit in which The Little Rock School District, hereinafter LRSD, seeks damages arising from the roofing of Parkview High School. This case was first before us in *The Little Rock School District* v. *Celotex Corporation,* 264 Ark. 757, 574 S.W.2d 669 (1978); Supplemental Order, 264 Ark. 768-A, 576 S.W.2d 709 (1979) and was remanded.

LRSD originally filed this action in Pulaski County Circuit Court on March 25, 1975, against Celotex Corporation, the manufacturer of the roofing material, and Knox Gill Company, the roofing subcontractor, alleging breach of implied and express warranty and negligence. Celotex and Knox Gill filed third-party complaints against Cromwell, Neyland, Truemper, Levy and Gatchell, Inc., hereinafter Cromwell, the architectural firm, alleging negligence. Knox Gill also filed a cross-complaint against Celotex Corporation alleging negligence and breach of warranty.

On the first appeal this Court held that all grounds for relief between the parties were barred by the statute of limitations, except for express warranty which was held to be a question for the jury.

After remand to the circuit court LRSD amended its complaint against Celotex Corporation to allege fraudulent

misrepresentations and requested punitive damages. Knox Gill amended its cross-complaint against Celotex Corporation to ask for similar relief. The trial court, by order dated September 22, 1981: (1) denied Celotex's motion to strike and dismiss the fraudulent misrepresentation and punitive damage claims; (2) dismissed Celotex's third-party negligence complaint against Cromwell; (3) dismissed LRSD's negligence count against Celotex and Knox Gill. All the parties appeal. We affirm.

Celotex argues the trial court erred in failing to strike and dismiss the amended complaints for fraudulent misrepresentation of LRSD and Knox Gill. The trial court, in refusing to dismiss, found "factual issues which must await disposition upon submission of proof." The trial court's order refusing to dismiss is not a final order which may be appealed under Rule 2 of the Arkansas Rules of Appellate Procedure, Ark. Stat. Ann., Vol. 3A (Repl. 1979). The denial of a motion to strike portions of a pleading is not a final order under Rule 2. *See also Williams* v. *Varner,* 253 Ark. 412, 486 S.W.2d 79 (1972); *Stacker & Dugan* v. *Southwestern Co.,* 245 Ark. 350, 432 S.W.2d 481 (1968).

But, Celotex argues that the refusal to strike is an appealable intermediate order under Rule 2 (b) which provides:

> An appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment.

Celotex contends that the dismissal of Celotex's third-party negligence complaint and the dismissal of LRSD's negligence claim against Celotex and Knox Gill are the final orders which make Rule 2 (b) applicable. We disagree. The dismissal of these claims is not a final order for purposes of this case because these claims were previously disposed of by the Court in the first appeal. There, by supplemental per curiam order, we granted Cromwell's petition for rehearing, holding that negligence causes of action were barred by the statute of limitations. By the granting of that petition, all claims against Cromwell were dismissed, including those of

Celotex, Knox Gill, and LRSD. That holding became the law of the case and is controlling upon this Court in a second appeal. Furthermore, although the per curiam's dismissal of the negligence claim did not expressly apply to a party other than Cromwell, the order's effect was to dismiss LRSD's negligence claim against Celotex and Knox Gill, Knox Gill's negligence claim against Celotex, and Celotex's negligence claim against Knox Gill.

The above holding as to the meaning of our supplemental opinion disposes of the other issues argued on appeal.

Affirmed.