## Wallace S. PETER *v.* Rita K. PETER

CA 83-72                                    663 S.W.2d 744

### Court of Appeals of Arkansas
### Division II
### Opinion delivered February 1, 1984

*Callahan, Wright, Crow, Bachelor & Lax,* by: *John H. Wright,* for appellant.

*Anderson & Anderson,* by: *Michael Crawford,* for appellee.

MELVIN MAYFIELD, Chief Judge. This is an appeal by Wallace Peter from a decree of divorce granted to his wife, Rita. Suit for divorce on the grounds of personal indignities was filed by Rita and the appellant filed a pro se answer in which he denied that she had grounds for divorce. The

appellant did not appear in person at the trial, but his attorney did appear and at the close of appellee's case moved that her complaint be dismissed for lack of corroborating evidence as to the grounds for divorce. This motion was overruled on the theory, stated by the court, that appellant, by failing to appear at the trial of which he had notice, had abandoned his contest of the grounds for divorce.

Appellant cites us to *Calhoun* v. *Calhoun*, 3 Ark. App. 270, 625 S.W.2d 545 (1981) and *Copeland* v. *Copeland*, 2 Ark. App. 55, 616 S.W.2d 773 (1981), and says that those are the more recent of numerous cases which hold that testimony as to grounds for divorce must be corroborated by some witness other than the parties to the action. We agree those cases so hold.

In *Calhoun* the court cited many cases as authority and quoted from one that said the reason for the rule is "the interest which the public have in the marriage relation." In *Copeland* the court said: "Divorce is a creature of statute and can only be granted when statutory grounds have been proved and corroborated." Those cases were based on the long-standing statute compiled as Ark. Stat. Ann. § 34-1207 (Repl. 1962), which was consistently construed to require that a divorce could not be granted upon the uncorroborated testimony of a party to the suit. *See Smith* v. *Smith,* 245 Ark. 668, 433 S.W.2d 835 (1968).

The appellee, however, points out that this statute has been amended and at the time this case was tried provided "in uncontested divorce suits corroboration of plaintiff's ground or grounds for divorce shall not be necessary nor required." *See* Ark. Stat. Ann. § 34-1207.1 (Supp. 1983). Thus, while admitting that there was no corroboration of the grounds for divorce in this case, appellee says it was not necessary because the appellant did not show up for the trial and therefore the suit for divorce was uncontested. We do not agree.

Appellant filed an answer denying grounds for divorce. His attorney appeared at the trial and at the close of appellee's testimony moved to dismiss appellee's complaint

for lack of corroboration. No authority is cited by appellee to support her contention that the failure of the appellant to appear at trial makes the case uncontested and we know of no authority to that effect. In fact, *Anderson* v. *Anderson,* 269 Ark. 751, 600 S.W.2d 438 (Ark. App. 1980), seems to hold to the contrary. The opinion there clearly recognizes that the amendment to section 34-1207 eliminated the requirement of corroboration in uncontested cases, and while it does not state whether the appellant was in attendance at the trial, it indicates that he did not testify and states:

> The appellee's allegations are not proven by appellant's failure to deny them. The failure to deny the incidents or conduct does not relieve the appellee of her burden to corroborate her testimony.

We simply do not agree that the instant case was uncontested as to the grounds for divorce. Since there was no corroboration of the appellee's testimony in that regard, the decree is reversed as to the granting of the divorce and as to any provision based upon the divorce or made because of it.

Reversed and remanded for proceedings consistent with this opinion.

COOPER and GLAZE, JJ., agree.