# Janie S. DAY *v.* John L. DAY

CA 85-513                                         723 S.W.2d 378

Court of Appeals of Arkansas
Division II
Opinion delivered February 11, 1987

*Willis V. Lewis,* for appellant.

*Tom F. Donovan*, for appellee.

MELVIN MAYFIELD, Judge. Appellant, Janie Day, and appellee, John Day, were married on November 23, 1962, and separated on February 1, 1978. At the time of separation, they lived in Pontiac, Michigan. Appellant then moved to Arkansas and appellee moved to North Carolina. On July 11, 1984, appellant filed a suit for divorce in Arkansas. Appellee was not served until September 27, and on October 10, he filed a pro se answer to the complaint. Appellant's attorney filed a response to appellee's answer, and appellee filed a pro se reply. In both the answer and the reply, the appellee contended that at the time of separation the parties had, by agreement, divided all their marital property.

On November 20, 1984, notice was mailed to appellee advising him that a hearing would be held in the case on December 19, 1984. Appellee did not appear at that hearing and a judgment was entered on January 11, 1985, granting appellant a divorce and equally dividing the property of the parties, including appellee's retirement pension from General Motors.

On February 8, 1985, an Arkansas attorney filed a motion for the appellee alleging that the judgment should be set aside because appellee only received notice that a "hearing" would be held and did not know this would be a full trial of all issues. The trial court heard the motion on February 21, 1985, and on that date the judgment of January 11, 1985, was set aside and a new trial granted. The second trial was held on July 24, 1985, and on August 14, 1985, a judgment was filed again granting appellant a divorce but holding that the parties had entered into a "loose" oral property settlement agreement at the time of their separation and that appellant was entitled to no additional property. It is from that judgment that appellant appeals.

We first point out that even though both appellant and appellee treat the December 19, 1984, judgment as a default judgment, we held in *Peter* v. *Peter*, 10 Ark. App. 292, 663 S.W.2d 744 (1984), that once a defendant has filed an answer contesting the plaintiff's grounds for divorce, the defendant's failure to appear at trial does not constitute abandonment of the suit. Therefore, since appellee had filed an answer in this case, albeit pro se, his failure to appear for the hearing did not

constitute an abandonment and any judgment entered against him would not be a default judgment.

The appellant contends, however, that the trial court erred in setting aside the judgment against appellee. She maintains that, since the appellee admitted he was notified of the time and place of the hearing, his failure to appear was the result of his own negligence and lack of due diligence. She also contends that he failed to show a meritorious defense and that this is required for the granting of a new trial. Unfortunately, we are unable to consider this argument on its merits because a timely appeal of the order granting the new trial was not filed.

Rules of Appellate Procedure, Rule 2(a)(3) provides that an appeal may be taken from a circuit, chancery, or probate court to the Arkansas Supreme Court from an order which grants or refuses a new trial. This is a final and appealable order. *See DeClerk* v. *Tribble*, 276 Ark. 316, 637 S.W.2d 526 (1982). In *Etcherson* v. *Hamil*, 131 Ark. 87, 198 S.W. 520 (1917), where an order granting a new trial was not appealed, the court said:

> Appellants had the right to prosecute an appeal from the order of the court granting a new trial and to have had then a review of the question he now presents. He did not do so, however, but elected rather to try again the issues before another jury, and he is now bound by his election.

*Id.* at 90. *See also Bush, Receiver* v. *Barksdale*, 122 Ark. 262, 183 S.W. 171 (1916).

In the instant case, appellant chose not to appeal the order granting appellee a new trial but to submit to the jurisdiction of the chancery court for another trial on the issues. She is, therefore, bound by that election and is now limited on this appeal to a consideration of the issues decided at the subsequent trial.

In that regard, appellant argues that the trial court erred in finding that the parties entered into a "loose" oral property settlement agreement in 1978 and in refusing to grant her an interest in the marital property of the parties. Appellee testified that, just before the separation, he and appellant sold their jointly owned home in Michigan and divided the proceeds equally. He said they also agreed that appellant would get the 1976 Cadillac Eldorado and any furniture she wanted, but would pay her own

credit card accounts. In return, he was to get all the General Motors stock and his retirement pension but would pay the $4,000.00 loan at the credit union.

Appellant denied they had any agreement but admitted that she had left Michigan with the Cadillac, which was free and clear of debt, all the furniture she wanted, and sixty-seven shares of General Motors stock. She also admitted receiving one-half the proceeds from the sale of the house in Michigan.

The chancellor held that the property settlement was made when the parties separated in 1978 and that they had "lived under" it since that time. He then granted appellant the divorce, ordered appellee to continue to carry medical and dental insurance on appellant and their son, as they had agreed, and held all their property had been disposed of pursuant to their agreement. This allowed the appellant to keep the certificates for the General Motors stock she took with her, and, as the parties' son was living with appellee, the decree made no provision for child support.

Cases on appeal from the chancery court are tried *de novo* but we do not reverse unless the findings of the trial judge are clearly against the preponderance of the evidence, giving due deference to the trial judge's superior position to determine the credibility of the witnesses, and the weight to be given to their testimony. *Stover* v. *Stover*, 287 Ark. 116, 696 S.W.2d 750 (1985); *Norman* v. *Norman*, 268 Ark. 842, 596 S.W.2d 361 (Ark. App. 1980); ARCP Rule 52(a). After a careful review of the record, we cannot say the chancellor's decision in this case was clearly erroneous.

Affirmed.

CORBIN, C.J., and CRACRAFT, J., agree.