Sterlin P. JONES *v.* Brian GOODSON

89-58                                    768 S.W.2d 33

Supreme Court of Arkansas
Opinion delivered April 17, 1989

*Raymond Harrill,* for appellant.

*Ivester, Henry, Skinner & Camp,* by: *Robert Keller Jackson,* for appellee.

PER CURIAM. This is a question of procedure on appeal. Goodson obtained a $27,500 judgment against Jones, a patient at the Veterans Administration Hospital. No appeal was taken from the judgment. Goodson attempted to collect on the judgment by filing garnishments against several banks which held funds allegedly belonging to Jones and by attempting to levy on Jones' wheelchair.

Sterlin Jones appealed from a circuit court order dated February 17, 1989, which directed two garnishees to turn over certain funds to appellee, Brian Goodson. On March 6, we granted an emergency stay of the order and requested briefs from

the parties. The appellant filed a brief with his record on February 27 and wants to stand on it, which we will allow.

■ On March 9, Brian Goodson filed a cross-appeal in the case. He appealed from a December 22, 1988, order of the circuit court dismissing one of the garnishees, Pulaski Bank & Trust. He also appealed from a portion of the February 17 order quashing the writ of execution issued on Sterlin Jones' wheelchair. The appellant's motion to dismiss the cross-appeal on the ground of untimeliness is denied. The December 22 order was an intermediate order which can be properly reviewed upon appeal of the final order in the case. Ark. R. App. P. 2(b). The notice of cross-appeal was properly filed with the circuit court which rendered the judgment. Ark. R. App. P. 3(d).

In his notice of cross-appeal, Goodson designated seven additional items to be included in the record on appeal. Jones claims that Goodson, as cross-appellant, should bear the responsibility of ordering these supplemental materials from the court reporter. Goodson cites Ark. R. App. P. 6(b), which provides that if the appellant has designated less than the entire record, the appellee may file and serve on the appellant a designation of the additional parts to be included. The appellant shall then direct the reporter to include those parts in the transcript.

■ The majority of the items designated in the notice of cross-appeal appear to concern the issues on cross-appeal more than the issues on direct appeal. But, not having addressed the merits of the case at this point, we cannot say which items are necessary to the determination of which issues. Therefore, we place the responsibility of ordering the additional parts of the record on the appellant, Sterlin Jones. Since a record has already been filed in the case, these items should be contained in a supplemental record.

■ If the appellant feels that the appellee has designated portions of the record which are not necessary to the determination of the issues on direct appeal, he may ask for an adjustment of costs after the case has been decided.