Wayne MIKKELSON *v.* Thomas WILLIS d/b/a Leisure Time RV Sales

CA 91-297                                          826 S.W.2d 830

Court of Appeals of Arkansas
Division II
Opinion delivered April 1, 1992

*David H. McCormick*, for appellant.

*Mobley, Smith and Mobley*, by: *William F. Smith*, for appellee.

MELVIN MAYFIELD, Judge. Appellant, Wayne Mikkelson, brings this appeal from the trial court's order granting appellee's motion for a new trial.

Appellant originally brought suit against the appellee, seeking recovery of certain sales commissions. Appellee, Thomas Willis d/b/a Leisure Time RV Sales, counterclaimed, and the case proceeded to trial in municipal court. Following an adverse ruling, the appellant perfected an appeal to circuit court, and trial was set for December 10, 1990. On the day of the trial, appellee and his attorney, whose partner had been present earlier at docket call and had announced appellee was ready for trial, were absent from the courtroom when the time came for the trial to begin. Appellant presented his testimony, and the circuit judge granted him judgment for the relief prayed for in his complaint.

The judgment for the appellee was filed on January 2, 1991, and on January 11, 1991, appellee filed a motion to set aside the judgement and asked for a new trial. Appellee explained that his absence at the time his case was called was a result of the cases ahead of his either being settled or otherwise dispensed with more quickly than expected. The circuit judge denied appellee's motion by order dated January 24, 1991, but on February 1, 1991, entered another order, which set aside the earlier denial and granted appellee a new trial. The new trial was held on April 1, 1991, and the appellant's claim for payment of sales commissions was denied.

Appellant's sole point on appeal is that the trial court erred in vacating its judgment of January 2, 1991, and granting a new trial. The appellant contends that the only basis for the setting aside of a judgment are found in Arkansas Rules of Civil Procedure 59 and 60 and that the grounds set out therein for granting a new trial were not present in the case at bar.

The case of *Phillips* v. *Jacobs*, 305 Ark. 365, 807 S.W.2d 923 (1991), is cited in support of appellant's argument. Without discussing that opinion in detail, we simply note that the *Phillips* v. *Jacobs* case seems to have drastically limited the trial court's authority to grant a motion for new trial. However, for another reason, we cannot reverse the trial judge's order granting a new trial in the case before us.

■ We first point out that the judgment rendered at trial on December 10, 1990, is inaccurately termed a default judgment. The judgement was not rendered on the basis of appellee's failure to respond to the appellant's complaint but was based upon the appellant's presentation of evidence to the court on the day of trial and was therefore a judgment on the merits. See *Farmers Union Mut. Ins. Co. v. Mockbee*, 21 Ark. App. 252, 254-255, 731 S.W.2d 239, 240 (1987).

■ We next point out that Arkansas Rule of Appellate Procedure 2(a)(3) provides that an order which grants or refuses a new trial is an appealable order. Rule 4(a) states that a notice of appeal shall be filed within thirty days from the entry of the judgment, decree, or order appealed from. In the present case, the appellant chose not to appeal the order dated February 1, 1991, which granted a new trial, but instead submitted his case again to the jurisdiction of the circuit judge on April 1, 1991, for another trial on the issues. Appellant is now bound by that election and is limited on this appeal to a consideration of the issues decided at the subsequent trial. See *Day v. Day*, 20 Ark. App. 48, 50, 723 S.W.2d 378, 380 (1987).

At one time, an order which granted or denied a motion for new trial was not an appealable order unless the notice of appeal contained an assent by the appellant that, if the order granting new trial was affirmed, judgment absolute would be rendered against appellant. See Ark. Stat. Ann. § 27-2101 (Repl. 1962). At that time, it was held that the failure to comply with the provisions which would make the order granting a new trial a final and appealable order constituted an election to try the case again and prevented a review of the court's action in granting a new trial. See *Etcherson v. Hamil*, 131 Ark. 87, 198 S.W. 520 (1917). Act 547 of 1963 changed the law and made an order granting or refusing a new trial appealable without the assent that judgment absolute could be rendered if the order granting new trial was not reversed. See Ark. Stat. Ann. § 27-2101 (Supp. 1965). That same situation has been authorized by Rule 2 of the Arkansas Rules of Appellate Procedure. See Court's Notes to Appellate Rule 2.

■ Although Appellate Rule 2(b) provides that an appeal from a final order brings up for review any intermediate order involving the merits and necessarily affecting the judgment

appealed from, this does not bring up for review an order granting or denying a motion for new trial since that is now a final, appealable order and not an "intermediate" order. Examples of intermediate orders are found in *Celotex Corp.* v. *Little Rock School District*, 276 Ark. 481, 637 S.W.2d 566 (1982) (denial of motion to strike a pleading); and *Jones* v. *Goodson*, 298 Ark. 434, 768 S.W.2d 33 (1989) (order dismissing one of the garnishees).

The only issue presented in the instant case is whether the trial court erred in granting appellee's motion for new trial. That was an appealable order, and the failure to appeal until after the case was tried a second time precludes our considering the merits of the court's action in granting the new trial. Therefore, we affirm the judgement appealed from.

Affirmed.

JENNINGS and ROGERS, JJ., agree.