HODGE *v.* HODGE.

Opinion delivered December 3, 1923.

1.  DIVORCE—DISMISSAL OF COMPLAINT.—A wife's complaint for divorce for nonsupport of herself and child and conduct rendering her condition intolerable, as by bringing suit for alienating her affections and inquiring of neighbors as to her conduct, *held* properly dismissed as without equity.

2.  DIVORCE—NONSUPPORT.—In this State nonsupport is not a ground for divorce.

3.  DIVORCE—CUSTODY OF CHILD.—In a divorce suit, the mother's custody of a child, who was being well cared for, under good influences, was properly left undisturbed as against the father, who had no home except that of his aged parents.

4.  DIVORCE—ALLOWANCE FOR SUPPORT OF CHILD.—An allowance of five dollars per week for the support of a child *held* sufficient, in

view of the father's impaired earning capacity by reason of a sunstroke.

5. DIVORCE—ATTORNEY'S FEE.—A fee to the attorney of a wife suing for divorce *held* properly refused, in view of the husband's lack of earning capacity, and the lack of merit in the suit.

Appeal from Saline Chancery Court; *J. P. Henderson,* Chancellor; affirmed.

*W. C. Rodgers,* for appellant.

In actions for divorce, the law denies every material allegation of the complaint. 122 Ark. 276. But, even if admitted, the plaintiff would still not be entitled to a divorce. C. & M. Dig., § 3504; 104 Ark. 381. The testimony of a plaintiff must be corroborated. 151 Ark. 150. All statutory requirements must be observed. 100 Ark. 71. The plaintiff must come into court with clean hands. 118 Ark. 582; 143 Ark. 276; 128 Ark. 110; 115 Ark. 32. General statements of witnesses in the nature of opinions or conclusions are not sufficient. 105 Ark. 194. Allegations in the complaint must be definite and specific. 114 Ark. 516. Only competent evidence may be admitted. 127 Ark. 438; 132 Ark. 402; 76 Ark. 153; 78 Ark. 111; 92 Ark. 315; 99 Ark. 218; 127 Ark. 186. When a plaintiff relies upon cruelty as a ground of divorce, it must be habitual and systematically pursued to an extent which would render intolerable the life of such plaintiff. 136 Ark. 588; 151 Ark. 150. The court had no jurisdiction to try the issue of custody of the child. The residence of the child is that of the father. 16 Ark. 377; 3 Pet. 242; 7 Ves. Jr. 750; Jacobs, Domicile, § 105. A judgment rendered without jurisdiction is vulnerable, not only on direct appeal, but to collateral attack also. 29 Ark. 47.

*J. W. Westbrook,* for appellee.

SMITH, J. This is a suit by Mrs. Hodge for divorce, and for the custody of an only child, a girl who was five years old at the time of the institution of the suit, and for an allowance for the support of the child, and for costs, and other relief. It was alleged that the defendant had refused and neglected to provide for plaintiff, or to support their child, and that he had been guilty of

such conduct as to make plaintiff's condition as defendant's wife intolerable. At the time of the institution of this suit plaintiff was residing in Saline County with the child, and she earned her own living and that of the child by teaching school. She and defendant were married in Howard County, in 1915, where they lived together until March 12, 1921, since which time they have lived apart, and the defendant continued to reside in Howard County. After this suit was instituted defendant brought, in Howard County, a suit for divorce, alleging desertion as ground therefor, but this suit appears to have been abandoned, and defendant filed an answer in his wife's suit, in which he denied all the allegations of her complaint.

·A large amount of testimony was taken, and, on the final hearing, the court dismissed the complaint as being without equity, but awarded the custody of the child to the mother, with the right of the father to visit it, and directed him to pay five dollars per week for the support of the child, but made no allowance for suit money, and the parties were directed to pay their own costs, and both have appealed.

It appears that Mr. Hodge at one time brought suit against one Brooks for the alleged alienation of his wife's affections, but there was a verdict and judgment against him in that suit, which was affirmed by this court on appeal. In that case Hodge attempted to show that Brooks had alienated his wife's affections, and, in support of the suit, he made inquiry of two neighbors touching their observation and knowledge of the conduct of Brooks towards Mrs. Hodge. These persons were unable to furnish Hodge any information of value, but Mrs. Hodge was advised of the inquiry, and she assigns this suit and this inquiry as a part of the conduct on Hodge's part which has rendered her condition as his wife intolerable. The point, however, which was most fully developed and was most urgently pressed was the failure of defendant to support her and the child.

Mrs. Hodge admits that she left her husband, and that she no longer entertains any affection for him, but she says the estrangement resulted from his lack of affection for her, and from his indolence.

Mr. Hodge does not charge his wife with having had any immoral relations with Brooks, nor did he do so in his suit for alienation of affections, but he did charge then, and now asserts, that it was Brooks who alienated his wife's affections from him. Brooks testified as a witness in the present case, but he appears to have passed out of the lives of the parties, except in so far as he is charged with being responsible for the original separation. Mrs. Hodge left the county where both her husband and Brooks resided, and is now living many miles away from both of them.

Hodge admitted that he had contributed but little to the support of his wife and child while they lived together, but he sought to excuse his failure so to do by saying that he was an invalid; that he had suffered a sunstroke, from which he had never fully recovered, and that he was able to work only in cool weather, and was able only to do a limited amount of work. Mrs. Hodge testified that her husband's failure to be employed was due to a lack of inclination to work, rather than to any inability to do so, and that she had frequently found little jobs for him, which he was able to do but which he refused to take. She further testified on this subject that her husband was not confined to his bed or to his home, and that he allowed and required her to earn the living for him as well as for herself and the child, and that she did this by teaching, by keeping boarders, by sewing, and, at one time, by working in the field. Mrs. Hodge admitted that she did not intend ever again to live with her husband, and gave as her reason therefor that she had all she could do to make a proper living for herself and for the child. She testified, however, that she was well and strong and able to work and support the child, and that she earned seventy dollars per

month teaching school, and that she found other employment when she was not engaged in teaching.

Mr. Hodge complains of the action of the court in requiring him to contribute to the support of the child while deprived of its custody. He insists that the custody of the child be awarded him, and that, if this were done, his wife would return to him and their home would be reestablished. He admitted, however, that he had no home to which to take the child, and proposes to take it, if his wife will not again live with him, to the home of his father and mother, who are seventy-five and sixty-five years old, respectively.

We are unwilling to disturb the finding of the chancellor in dismissing the complaint as being without equity. Plaintiff's husband is not questioning her character, as she insists. Upon the contrary, he is resisting her application for divorce, and earnestly expresses the hope and desire that she return to him as his wife, and the record is convincing that he genuinely desires her to do so. It does appear that he does not work regularly, and did not work as much as he might have done during the time he and his wife were living together, but he is unquestionably not able to work at all times, and, as is pointed out in the case of *Arnold* v. *Arnold,* 115 Ark. 32, non-support is not made a ground for divorce by our statute.

We approve the decree in regard to the custody of the child. Mr. Hodge has no home to which the child might be carried, except that of his aged father and mother, unless his wife consents to live with him again. She declares she will never do this, because she is unable to support her husband in idleness, and she should not be required to do this as a condition upon which she may retain the custody of the child. All the testimony shows that the child is being well cared for, and is living under good influences.

We also approve the allowance of five dollars per week for the support of the child. Certainly this is little

enough, unless the father is to be relieved of all responsibility in that respect. But we cannot say that his earning capacity is such as to require him to pay a larger sum.

Because of the husband's lack of earning capacity, and the lack of merit in the wife's suit for divorce, the action of the court in refusing to allow a fee to the wife's attorney will be affirmed, and no fee will be allowed on this appeal; and the decree in regard to the costs below will be affirmed, but the costs of the appeal will be assessed against appellant.