ESTES *v.* ESTES.

4-6261                                                   148 S. W. 2d 1075

Opinion delivered March 24, 1941.

*M. A. Hathcoat* and *Shouse & Shouse,* for appellant.
*Robert B. Gaston,* for appellee.

McHANEY, J.   Appellants and appellees, except Carrie Estes who is the wife of appellee, Frank Estes, are the children and sole heirs at law of Thomas S. Estes who died intestate September 21, 1934. Oma Estes, his widow, died October 19, 1939.

Appellants brought this action against appellees for partition of the real estate of which their father died seized and possessed, and to cancel two certain deeds executed by their mother on May 30, 1936, attempting

to convey the real estate of her husband to two of their sons, appellees Frank and Elza Estes. Appellees defended on two grounds, first, that their father had conveyed the lands to their mother in 1893 and that she owned said lands and had the right to convey same; and, second, that they had an oral agreement with their father and mother in 1929 to give the land and personal property to them, if they would move back on the place, pay all his obligations, and take care of their parents during their lives. They alleged they complied with said agreement, moved on the land, paid their father's debts, including taxes, and took care of their parents.

Trial resulted in a finding that there was no such oral agreement and that their mother had no title to the land, except dower and homestead, which terminated with her death, and that her deeds conveyed no title; the court further found that appellees had expended for the benefit of the estate $795.99, and they should have a lien on the lands of the estate therefor, prior and paramount to the interest of the heirs; that the lands should be partitioned, and, since they were not susceptible of division in kind, they should be sold, paying first the lien of appellees, and the remainder, if any, should be divided among the heirs. A decree was entered in accordance with the findings. There is here an appeal from the decree fixing a lien on the lands for said sum and a cross-appeal by appellees from that part of the decree cancelling the deeds of their mother to them and that they had no oral contract to give them the land.

Disposing of the cross-appeal first, we agree with the trial court that there was no valid oral contract to give appellees the real and personal property under the conditions stated and that the deeds from their mother, Oma Estes, conveyed no title because she never at any time had the title, and should be canceled as a cloud on title. The alleged oral agreement was said to have been made in 1929. There was no memorandum thereof in writing. About a year later, appellees did move back on the place, Elza in the house with his parents, he being a single man, and Frank in another house on the place. Each worked their father's land and paid rent out of the

crops in kind, and their father also worked, paid his taxes, looked after his affairs and was quite active to the time of his death. Elza had always lived in the home and Frank had formerly lived on the farm, and their work thereon, after their return, was no different from what it had previously been. As to the title of the mother, it was attempted to be shown that her husband had conveyed to her in 1893. At the time of executing the deeds to appellees in 1936, she made an affidavit that she owned the land, and appellees state that it was their understanding that their mother owned the land by reason of a deed made by their father years before. There was also the affidavit of a notary that he took the acknowledgment of the deed from Thomas S. to Oma Estes. Now, it is conceded that this evidence is insufficient to warrant the restoration of a lost deed, and since there is no such deed of record and none was found, the concession is well taken. The cross-appeal is, therefore, affirmed.

As to the direct appeal, we agree with appellants that the court erred in declaring a lien on the land involved in the sum of $795.99, or in any other sum. Of the sums claimed to have been paid by them, $182.50 was paid during the lifetime of the father. Other items include payments for doctor's bill and funeral expenses of the mother, and taxes paid by them after the father's death. It is shown that they took charge of all the personal property of the estate of a substantial amount and have paid no rents since the death of their father. We think the personal property converted by them, together with the rents and profits, will equal or exceed the amount they have expended for their father and mother, and that these should be off-set, one against the other.

The decree on the direct appeal will be reversed, and the cause remanded with directions to enter a decree of partition and to order the land sold and the proceeds divided among the six heirs, share and share alike, costs to be paid by appellees.