TILLEY v. TILLEY.

4-8014                                                    198 S. W. 2d 168

Opinion delivered December 2, 1946.

Rehearing denied January 13, 1947.

*Holt & Holt,* for appellant.

*George F. Hartje,* for appellee.

MINOR W. MILLWEE, Justice. This suit was brought by appellant, Nannette Tilley, against her husband, Rudolph Tilley, for separate maintenance and for custody of their six-year-old daughter. A trial of the issues on June 21, 1946, resulted in a decree awarding custody of the child to the husband and denying the wife's prayer for separate maintenance and attorney's fee.

The parties are natives of Conway, Faulkner county, Arkansas, where they were married in October, 1938. They lived in Conway, Arkansas, except for a period when appellee was employed in Oklahoma City, Okla., until December 8, 1943, when appellee was inducted into military service. Appellant and the child accompanied appellee to different military camps until he was sent overseas in September, 1944. Appellant then went to San Antonio, Texas, and secured employment at the Brooks Army Medical Center where she was still employed at the time of the trial. The parties corresponded regularly during the sixteen-month period that appellee was overseas and appellant received the monthly government allotment of $80 for herself and child, in addition to the salary of $2,100 per year from the Army Medical Center.

About thirty days before appellee's release from the army, and while he was still overseas, appellant wrote appellee that she could not be happy with him and did not intend to live with him again. Appellee testified, and it was not denied by appellant, that the parties had experienced no marital troubles of any kind prior to this time. Immediately upon his release from the armed forces on February 9, 1946, appellee visited his wife and child in San Antonio, Texas, in an attempt to persuade his wife to reconsider her decision to abandon him. Despite his earnest solicitation, appellant refused to resume the marital status. Appellee returned with the child to Conway where they have since resided in the home of appellee's parents.

There is some dispute between the parties as to the conditions under which it was agreed that appellee might take the child to Conway. Appellant testified that

her husband told her he would either return the child to San Antonio or she might come for the child, but that he had refused to allow her to have the child. Appellee testified that he made no promise to return the child, but did agree that appellant might come for the child, and that she had not done so.

The evidence discloses that appellant resides in San Antonio, Texas, with her uncle and aunt who are each past 70 years of age and unable to care for the child. Appellant works five days each week, and occasionally on Saturday, at the medical center. The child was left in a private nursing school during appellant's working hours from 8:00 a.m. until 4:30 p.m.

The child has resided with appellee at the home of his parents in Conway, Arkansas, since February, 1946. The grandfather and grandmother of the child are 57 and 56 years of age, respectively, and own their home. The child has received excellent care at the hands of her grandparents who are strongly attached to her. The child attends Sunday school regularly and appears to be happy. Appellee is regularly employed at a salary of $2,600 per year and is a kind and attentive father.

It is not contended by appellant that there is any merit in her prayer for separate maintenance. Her sole reason for abandoning her husband and refusing to restore the family status is that she does not love him and cannot be happy with him. According to her testimony, she did not love appellee at the time she assumed the marriage vows, but was induced to proceed with the ceremony upon his insistence that he would affect a change in her regard for him.

The chancellor found that it would be to the best interest of the child to award its custody to the father for the present with the right of the mother to visit the child and be entertained in the home of the grandparents at Conway at all reasonable times.

In § 6205 of Pope's Digest, it is provided that, where the husband and wife are living apart, there shall be no preference between them as to the custody of their chil-

dren, but that in each case the welfare of the child must be considered first in determining its custody. In many cases arising under the statute, this court has held that the welfare of the child is the first and primary consideration in awarding custody. In the case of *Kirby* v. *Kirby*, 189 Ark. 937, 75 S. W. 2d 817, it was said: "It is the well-settled doctrine in this state that the chancellor, in awarding the custody of an infant child or in modifying such award thereafter, must keep in view primarily the welfare of the child, and should confide its custody to the parent most suitable therefor, the right of each parent to its custody being of equal dignity. Act 257 of 1921. *Caldwell* v. *Caldwell*, 156 Ark. 383, 246 S. W. 492; *Jackson* v. *Jackson*, 151 Ark. 9, 235 S. W. 47." It was further said in that case: "It is the uniform practice in this court that a chancellor's finding of fact will not be overturned on appeal unless found to be clearly against the preponderance of the testimony. *Eureka Stone Co.* v. *First Christian Church*, 86 Ark. 212, 110 S. W. 1042; *Scott* v. *McCraw, Perkins & Webber Co.*, 119 Ark. 135, 177 S. W. 901; *Vaughan* v. *C., R. I. & P. Ry. Co.*, 120 Ark. 37, 179 S. W. 165."

It is. true, as appellant contends, that this court has always been reluctant to deprive the mother of the custody of a child of tender years. Appellant cites several cases so holding and also relies on the rule stated in 27 C. J. S., p. 1172, where it is said: "All things being equal, preference is given to the mother in awarding custody of a child of tender years, of a daughter, or of a child who is not in good health, notwithstanding the divorce was granted to the father, or the father may be better able financially to raise the child than the mother. However, such a child may be awarded to the father, in the court's discretion, where the circumstances of the case require it for the child's best interests."

The chancellor heard the witnesses testify and was in a more favorable position than is this court in passing on the question of the child's best interests. We are unable to say that his finding on this issue is against the preponderance of the evidence.

It is also insisted that the trial court erred in its refusal to allow an attorney's fee to appellant. Act 274 of 1945 amended § 4388 of Pope's Digest and provides: . "During the pendency of an action for divorce or alimony, the court may allow the wife maintenance and a reasonable fee for her attorneys, and enforce the payment of the same by orders and executions and proceedings as in cases of contempt, and the court may allow additional attorney's fees for the enforcement of payment of alimony, maintenance and support provided for in the decree." This court in construing the earlier statute in *Kincheloe* v. *Merriman,* 54 Ark. 557, 16 S. W. 576, 26 Am. St. Rep. 60, said: "Under our statute the allowance of alimony and suit money, pending a suit for divorce, is in the sound discretion of the court and, before the court will make the allowance, the wife must show merits." See, also, *Hecht* v. *Hecht,* 28 Ark. 92, and *Countz* v. *Countz,* 30 Ark. 73.

In 27 Am. Jur., Husband and Wife, § 416, it is said: "If a wife succeeds in her suit for alimony, support, maintenance, or separate maintenance, without a divorce, the court should, in its judgment or decree in her favor make an allowance for costs of the suit and for reasonable attorney's fee which she had had to pay or for which she has become liable. If, however, the wife fails to secure any relief under her bill for separate maintenance because of her fault in the separation of the spouses, she ordinarily will not be allowed costs of the suit."

In the case of *Hodge* v. *Hodge,* 161 Ark. 299, 255 S. W. 1090, it was held that the trial court properly refused the allowance of an attorney fee for the wife where there was lack of merit in the suit, although the custody of the child was left with the mother. In the case at bar appellant does not contend that appellee was at fault in any manner in their separation. Appellant brought the instant suit for separate maintenance and custody of her child under a situation that was brought about by her abandonment of her husband without legal cause. Under these circumstances, and giving due considera-

tion to the respective financial positions of the parties, we cannot say that the trial court abused its discretion in refusing to allow an attorney's fee to appellant.

The decree is affirmed.

HOLT, J., not participating.