FEAZELL v. FEAZELL.

5-782                                    284 S. W. 2d 117

Opinion delivered November 28, 1955.

*Roy E. Danuser,* for appellant.

*Nell Powell Wright,* for appellee.

MINOR W. MILLWEE, Associate Justice.  This suit arose in January, 1955, when appellee caused a citation

to be issued against appellant, her former husband, charging him with contempt of court for failing and refusing to comply with an order made on March 7, 1950, directing him to pay $50.00 monthly for the support of their son, who is now 9 years old. In response to the petition, appellant pleaded his inability to make certain payments because of his diminished income and consented that judgment be rendered against him for delinquent payments of approximately $110.00 then due. He also asked that the monthly payments be reduced to $10.00 until an increase in income enabled him to pay more. It was agreed that appellant should be required to pay monthly support payments of only $25.00 pending a hearing which was set for March 14, 1955.

The chancellor on exchange found appellant guilty of contempt of court and fixed his punishment at 30 days in jail but the sentence was suspended for six months to give him time to pay an arrearage of $152.00 for which judgment was rendered. The court denied any reduction in the amount of the monthly support payments and appellee was allowed an attorney's fee of $50.00.

According to the pleadings and proof, the parties were married in 1941 and entered into a separation agreement in 1946 which gave custody of the child to appellee and provided that appellant pay appellee $50 monthly for the child's support, "until the circumstances of the parties change to an extent warranting a change." The payments were to be made in semi-monthly installments. The terms of this agreement were made a part of a decree rendered March 7, 1950, in appellee's suit for separate maintenance of the child.

On March 18, 1950, appellee filed suit for divorce on the ground of general indignities in which she alleged that the right of custody and the amount of support money for the child had previously been fixed by order of the court. A divorce decree was granted in said suit on April 20, 1950. Separate petitions for contempt citations were filed by appellee on the dates of September 5, 1950, June 19, 1953, and August 25, 1954, prior to the filing of the instant petition on January 17, 1953. There

were no hearings on any of these except the 1953 petition which resulted in the assessment of a ten-day suspended jail sentence.

In March, 1950, appellant was earning $265.00 monthly, after deduction of withholding taxes, as a core driller for Ozark Dam Constructors in building Bull Shoals Dam. In addition he received a disability allowance of $50 per month from the U. S. Government on account of shrapnel wounds suffered in World War II. On completion of the Bull Shoals work in 1951, appellant worked for U. S. Engineers for 15 months at approximately the same rate of pay. When his disability prevented him from continuing this work in the latter part of 1952, he worked in Colorado for 2 months receiving $88.00 per week. On completion of the Colorado job he returned to Arkansas and started working with his uncle in the well drilling business in and around Mountain Home and was still so engaged at the time of the trial. He is an experienced driller and is paid 65 cents per foot on all wells he drills but the work is seasonal. During 1954, his net earnings from this work amounted to $784.00 and he received $147.00 from January 1, 1955, until the date of trial on March 14, 1955.

Appellant has remarried and his present wife earned $240.00 in 1954. They rent their home for $35.00 per month and own no property except a 1951 automobile which is mortgaged for $575.00 and is not being operated because of inability to pay personal taxes and a license to operate. Appellant sold his household furniture in January, 1954, to pay the support money and part of the proceeds from the car mortgage were also used for that purpose. Appellant is in debt to his uncle for moneys borrowed to make support payments and owes other accounts which he is unable to pay, and groceries and other household expenses run from $75.00 to $90.00 per month.

According to the record of semi-monthly payments made by appellant since March, 1950, he was $65.00 in arrears for the year 1950 and overpaid by $50.00 in 1951. He was also in arrears $35.00 in 1952 and $157.35 in 1953 but overpaid in the amount of $66.35 in 1954. Thus ap-

pellant actually paid more than $50.00 per month for the calendar year immediately prior to the filing of the instant petition despite the fact that his net income had been reduced from $315 monthly in 1950 to $120 in 1954. He stoutly denied any intentional or willful violation of the court's order in failing to pay the overall arrearage of $91.00 accumulated by January 1, 1955, and stated that his decreased income had rendered it impossible for him to do so, or to continue such payments at the rate of $50.00 per month. He denied that he had made any recent purchases of intoxicants or that he had stated that he would pay nothing for his son's support unless he was made to do so, as appellee testified.

Appellee still owns the former home of the parties in Mountain Home but she and her son live in a rented home in Springfield, Mo. She has never sought alimony from appellant, is unemployed and is supported by her mother. Although she stated that she was physically unable to work she could not remember when she had last seen a doctor and was evasive as to the amount of support received from her mother.

It is well settled by our cases that imprisonment of a divorced husband for a failure to pay alimony or support money is justified only on the ground of willful disobedience to the orders of the court. *Harmon v. Harmon,* 152 Ark. 129, 237 S. W. 1096; *Hervey v. Hervey,* 186 Ark. 179, 52 S. W. 2d 963. In the recent case of *Griffith v. Griffith,* 225 Ark. 487, 283 S. W. 2d 340, we held that inability to pay on the part of the defendant is always a complete defense against enforcing payment from him by imprisonment in a civil contempt proceeding. In our opinion a preponderance of the evidence shows that appellant's failure to pay the arrearage here arose from his financial inability and that it was not in willful disobedience of the court's orders.

We are also of the opinion that, from the date of trial, the monthly support payments should be modified and reduced to $25.00 per month until such time as appellant's income will warrant a further change in the amount of such payments.

Appellant also contends that the court was without authority to allow a fee to appellee's attorney. Appellant points to Ark. Stats., § 34-1210 [§ 1 of Act 274 of 1945] which, in amending Pope's Digest, § 4388, failed to specifically authorize attorney fees in separate maintenance suits as did a previous amendment of the same statute by Act 25 of 1941. It is true that prior to the adoption of either amendment we held that a divorced wife who petitioned for a change in the custody of children after rendition of a final divorce decree was not entitled to attorney's fees. *Nelson* v. *Nelson,* 146 Ark. 362, 225 S. W. 619. However, in that case, the wife was held to be a mere volunteer in supporting the children whose custody had been awarded to the husband. It was also held that the divorce decree was, in the peculiar circumstances, a final adjudication of his liability for her attorney's fees.

In *Tilley* v. *Tilley,* 210 Ark. 850, 198 S. W. 2d 168, we held that the allowance of attorney's fee to the wife in her separate suit for maintenance of herself and child was a matter within the sound discretion of the chancellor under § 34-1210, *supra.* Also, in *Waller* v. *Waller,* 220 Ark. 19, 235 S. W. 2d 814, we approved an allowance of an attorney's fee to a divorced wife in her separate action for the support of the child of the parties in a *habeas corpus* proceeding. In contempt proceedings for failure to comply with an allowance for child support it is held generally to rest within the sound discretion of the trial court as to whether attorney fees of the injured party should be assessed against the defendant. 27 C. J. S., Divorce, § 325. Regardless of the effect of the amended statute, we think it is within the inherent jurisdiction of equity to allow an attorney's fee in cases of this kind and that the court did not abuse its sound discretion in doing so. As a matter of practice we have repeatedly made such allowances in this court.

That part of the decree finding appellant guilty of contempt of court and refusing to modify the monthly support payments is accordingly reversed. In all other respects the decree is affirmed.