Lindsey DAWSON *v.* Neal A. PICKEN & Linda L. PICKEN, Husband and Wife and HARRIS McHANEY REAL ESTATE, INC.

CA 80-478                    613 S.W. 2d 846

Court of Appeals of Arkansas
Opinion delivered April 15, 1981

*Kurt Butcher*, for appellant.

*Roy E. Stanley*, for appellees, Picken.

*Ronald L. Boyer*, for appellee, Harris McHaney Real Estate, Inc.

JAMES H. COOPER, Judge. Appellee Harris McHaney Real Estate, filed a petition of interpleader on October 25, 1979, and deposited $2,500.00 earnest money with the Benton County Circuit Clerk. The $2,500.00 had been deposited with the real estate company by appellee Picken as earnest money under the terms of contract of purchase of certain real estate from appellant. Appellant answered the petition of interpleader, claiming the money under the terms of the contract. Appellees Picken answered the petition of interpleader alleging fraud committed by appellant and claiming the funds plus $10,000.00 in punitive damages.

The record reflects that on February 20, 1980, certain interrogatories were propounded to appellant who did not respond. On June 9, 1980, appellees Picken filed a motion to compel discovery. On June 10, 1980, the trial court entered an order which required that the interrogatories be answered before June 30, 1980, and provided that if appellant failed to do so he would be subject to the sanctions set forth in Rule 37 of the Arkansas Rules of Civil Procedure. The interrogatories apparently never were answered. The case was set for trial on July 8, 1980, and on that date neither appellant nor his attorney appeared. The Court entered a decree which found that July 8, 1980, was the date set for trial and further found that due to misrepresentation of facts made by appellant that appellees Picken were entitled to rescind their contract and receive a refund of the entire balance of the $2,500.00 earnest money. The decree reflects that the matter was submitted to the Court on the petition of interpleader, the answers filed, and the evidence adduced by the parties.

Appellant first asserts as error that there is no evidence in the transcript to support the judgment, and that the judgment was not rendered in the manner required by law. The answer of appellees Picken clearly raised the issue of

fraud. They alleged that the water problem in the basement was deliberately misrepresented to them to induce them to purchase the property. The answer filed by appellant did not controvert any allegations of fraud, and did not raise any defense to those allegations. The Picken answer alleged facts sufficient to authorize the entry of judgment in their favor, particularly when viewed along with the statement in the decree that there was evidence adduced from the parties. Based on the recitation in the decree and the allegations of fraud in the complaint (which were never controverted by appellant) the Court did not err in finding a sufficient basis to render judgment in favor of appellees Picken. We presume there was sufficient and competent evidence to support the findings of the trial court. *Phillips* v. *Arkansas Real Estate Commission*, 244 Ark. 577, 426 S.W. 2d 412 (1968).

Appellant also argues that the judgment entered was a default judgment and that therefore he was entitled to three days' notice prior to a hearing under the provisions of Rule 55 of the Arkansas Rules of Civil Procedure. No motion for default was filed in this case. On the regularly scheduled trial date, appellant and counsel failed to appear, and the Court entered judgment in favor of appellees Picken. This was not a situation where Rule 55 applied. The Court proceeded to enter judgment based on the complaint, answers, and "evidence adduced by the parties." The action was not based on the failure to appear or answer.

Next appellant argues that the decree of the Court did not state what the material misrepresentations of fact were which would entitle appellees Picken to rescind. The trial court is not required to list the facts which support its findings. The findings of the Court were based on the pleadings and evidence adduced, and the decree is not defective in this regard.

We are unable to say that the evidence was insufficient to support the judgment, and we cannot say that the findings by the Court are against the preponderance of the evidence or that they are clearly erroneous.

Appellees argue that the judgment was also properly entered because of the failure of appellant to respond to the Court's order to compel discovery. The Court clearly had the authority, under Rule 37 of the Arkansas Rules of Civil Procedure, to enter judgment against appellant on this basis, but the Court did not do so. Therefore we need not deal with this argument by appellees.

Affirmed.