FARMERS UNION MUTUAL INSURANCE
COMPANY *v.* James M. MOCKBEE and Charlotte M.
MOCKBEE

CA 86-431                                          731 S.W.2d 239

Court of Appeals of Arkansas
En Banc
Opinion delivered June 24, 1987

*Randell Templeton* and *Hugh L. Brown*, for appellant.

*Lohnes T. Tiner*, for appellees.

DONALD L. CORBIN, Chief Judge. A judgment in the amount of $4,425 plus a twelve percent penalty and attorney's fee in the sum of $500 was entered against appellant, Farmers Union Mutual Insurance Company. Appellant argues for reversal that the trial court abused its discretion in refusing to set aside the default judgment and in overruling appellant's motions to set aside the judgment. In its second assignment of error appellant asserts the trial court erred in entering judgment without requiring appellees to comply with ARCP Rule 55(b). We affirm.

The record reflects that appellees, James M. Mockbee and Charlotte M. Mockbee, his wife, filed a complaint in the Cross County Circuit Court against appellant which alleged that appellant had failed and refused to pay for windstorm damages to appellees' home and carport pursuant to a policy of insurance. Appellant filed a timely answer denying the allegations of appellees' complaint. A pre-trial hearing was conducted in this matter which appellant did not attend. The trial court set the case for non-jury trial at the pre-trial hearing. Appellant did not appear for trial and judgment was entered against it. A "Motion To Reconsider Refusal To Set Aside Default Judgment" was filed ten days after entry of judgment by appellant. The motion was denied by the trial court on the same day it was filed.

The basis of appellant's "Motion To Reconsider Refusal To Set Aside Default Judgment" was the trial court's failure to take under consideration Rules 4 and 12 of the Uniform Rules for Circuit and Chancery Courts in its determination that appellant received adequate notice of the trial setting. The order of the court denying appellant's motion provided that appellant had actual notice of the trial setting but chose to ignore it.

In this case appellant filed its post-trial motion within ninety days of the entry of the judgment it seeks to have set aside. The order of the trial court refusing to set aside the judgment was also filed within ninety days of the entry of the judgment. ARCP Rule 60(b) provides as follows:

Ninety-Day Limitation. To correct any error or mistake or to prevent the miscarriage of justice, a decree or

order of a circuit, chancery or probate court may be modified or set aside on motion of the court or any party, with or without notice to any party, within ninety days of its having been filed with the clerk.

The only limitation on the exercise of this power is addressed to the sound discretion of the court. *Massengale* v. *Johnson*, 269 Ark. 269, 599 S.W.2d 743 (1980). ARCP Rule 60(d) provides that no judgment against a defendant shall be set aside unless the defendant in his motion asserts a valid defense to the action and, upon hearing, makes a prima facie showing of such defense. *See Meisch* v. *Brady*, 270 Ark. 652, 606 S.W.2d 112 (Ark. App. 1980). This court in *Bunker* v. *Bunker*, 17 Ark. App. 7, 701 S.W.2d 709 (1986) said that in order to prevail under either Rule 60(b) or 60(c), a party is required to show that it has a meritorious defense. The motion itself must assert this defense. *Taggart* v. *Moore*, 8 Ark. App. 160, 650 S.W.2d 590 (1983). A meritorious defense has been defined as:

> evidence (not allegations) sufficient to justify the refusal to grant a directed verdict against the party required to show the meritorious defense. In other words, it is not necessary to prove a defense, but merely present sufficient defense evidence to justify a determination of the issue by a trier of fact.

*Tucker* v. *Johnson*, 275 Ark. 61, 66, 628 S.W.2d 281, 283-4 (1982).

Appellant in the case at bar only alleged it had not received proper notice of the trial setting in its motion and relied upon the authority of Rules 4 and 12 of the Uniform Rules for Circuit and Chancery Courts for its proposition. Appellant failed to raise a valid defense to the judgment in its motion pursuant to Rule 60(d), and we cannot say that the trial court abused its discretion by refusing to set aside the judgment entered against appellant.

Appellant also asserts as error the trial court's entry of judgment against appellant because it did not receive the three-day notice required when an application for a default judgment is made under ARCP Rule 55(b). In *Dawson* v. *Picken*, 1 Ark. App. 168, 613 S.W.2d 846 (1981), we found no merit to the appellant's contention that the judgment entered was a default judgment and

that the appellant was entitled to three days' notice prior to a hearing under the provisions of ARCP Rule 55(b). We held that Rule 55(b) was inapplicable inasmuch as no motion for default judgment was filed, and the judgment was not based upon the failure of the appellant to answer or appear but was based on the complaint, answers, and evidence adduced. The result reached by this court in *Dawson, supra,* was specifically approved by the Arkansas Supreme Court in its recent decision of *Diebold* v. *Myers General Agency, Inc.,* 292 Ark. 456, 731 S.W.2d 183 (1987). In the instant case, appellant filed an answer to appellees' complaint but failed to appear at trial. The judgment entered against appellant was based upon the complaint, answer, oral testimony, exhibits and representation of counsel. Accordingly, we find no merit to this argument.

Affirmed.