Richard GAVIN *v.* Jody GAVIN

94-672                                      890 S.W.2d 592

Supreme Court of Arkansas
Opinion delivered January 17, 1995

*Phil Stratton*, for appellant.

*Casey Jones*, for appellee.

DAVID NEWBERN, Justice. Richard Gavin, the appellant, and Jody Gavin, the appellee, were divorced. Ms. Gavin petitioned the Chancellor to award attorney's fees for services rendered to her by her attorney after the decree was entered. Mr. Gavin contested the petition on the ground that the fees sought were for services rendered with respect to matters other than the obtaining of alimony, maintenance, or support. From the abstract before us, all we know is that the Chancellor entered two orders after the date of the decree, each awarding Ms. Gavin an attorney's fee of $1500 with interest at 10% per annum.

Mr. Gavin appeals from those orders contending the Chancellor lacked authority to award attorney's fees other than with respect to the obtaining of alimony, maintenance, or support and that the 10% interest rate was in excess of the amount allowed by Ark. Const. art. 19, § 13. We affirm the orders.

### 1. The attorney's fee award

Mr. Gavin's abstract states that when the Chancellor considered the matter there was "colloquy between the attorneys and the court regarding the propriety of post-decree fees in matters not involving alimony, maintenance, or support." There is, however, nothing in the abstract from which we can determine that the fees were awarded for other than alimony, maintenance, or support. All we know is that fees were awarded after the decree of divorce was rendered.

That the fees were awarded subsequent to the decree and may have been awarded for services performed by Ms. Gavin's attorney subsequent to the decree does not require us to reverse. Arkansas Code Ann. § 9-12-309(b) (1987) permits attorney's fees to be awarded for enforcement of alimony, maintenance, and support provided in the decree. Attorney's fees may also be awarded for services related to modification of a divorce decree with respect to a child custody provision, an item not included in the statutory list. *Finkbeiner* v. *Finkbeiner*, 226 Ark. 165, 288 S.W.2d 568 (1956). In each of those situations, the fees are awarded for services rendered after the initial decree of divorce.

As a general rule, attorney's fees are not allowed in the absence of a statute permitting their allowance. *Chrisco* v. *Sun Industries, Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990); *Damron* v. *University Estates, Phase II*, 295 Ark. 533, 750 S.W.2d 402 (1988). We have held, however, that a chancellor has considerable discretion to award attorney's fees in a divorce case. *See, e.g., Wilson* v. *Wilson*, 294 Ark. 194, 741 S.W.2d 640 (1987). We and the Court of Appeals have recognized that a chancellor has inherent power and jurisdiction to allow attorney's fees in matters not specifically covered by statute, including contempt proceedings, for example. *Feazell* v. *Feazell*, 225 Ark. 611, 284 S.W.2d 117 (1955); *Payne* v. *White*, 1 Ark. App. 271, 614 S.W.2d 684 (1981).

We decline to reverse the fee awards with nothing before us showing the attorney's services for which the fees were awarded.

### 2. Interest

Mr. Gavin argues the Chancellor awarded 10% interest on the attorney's fee orders pursuant to Ark. Code Ann. § 9-12-309(c) (1987). That section states, "All child support which becomes due and remains unpaid shall accrue interest at the rate of ten percent (10%) per annum." He contends that statute conflicts with Ark. Code Ann. § 16-65-114 (1987) and with Ark. Const. art. 19, § 13.

We assume the reference to § 9-12-309(c) is in error, and we take the argument to be that the attorney's fees awarded amounted to judgments and that the interest awarded on the judgments must, in accordance with § 16-65-114(a), be limited to the

maximum rate permitted by art. 19, § 13, of the Constitution. Section 16-65-114(a) provides:

> Interest on any judgment entered by any court or magistrate on any contract shall bear interest at the rate provided by the contract or ten percent (10%) per annum, whichever is greater, and on any other judgment at ten percent (10%) per annum, but not more than the maximum rate permitted by the Arkansas Constitution, Article 19, § 13.

We pointed out in *McElroy* v. *Grisham*, 306 Ark. 4, 810 S.W.2d 933 (1991), that Article 19 has nothing to do with interest on a judgment amount.

Ms. Gavin has not filed a supplemental abstract. In her argument on this point, she "agrees that interest should not exceed the allowable rate of interest at the time of judgment, which was 8%." She asks us to modify the judgment rather than reverse it.

Article 19, § 13, limits interest on general loans and consumer loans and credit sales. As to general loans, it provides for penalties in the event interest specified in a contract is in excess of 5% above the federal discount rate at the time of the contract. It voids contracts for consumer loans and credit sales when interest is to be at a rate greater than 17%. Even if the "general loans" provision were applicable here, there is nothing before us from which we could determine the federal discount rate to be used in the formula to be applied.

We are reluctant to decline to modify the order in view of Ms. Gavin's agreement that it should be modified. On the other hand, we are being asked to "fly blind," and we are more reluctant to modify the Chancellor's order when we have nothing in the abstract before us and no convincing argument which supports the modification.

When a party makes a concession of a point on appeal, we do not just accept it without discussing the basis for it. *See, e.g., Southwestern Distilled Products Inc.* v. *State*, 203 Ark. 524, 160 S.W.2d 208 (1941); *Estes* v. *Estes*, 202 Ark. 73, 148 S.W.2d 1075 (1941). Nor is an issue decided simply because both parties to a lawsuit allege the same conclusion of law. *See Trace X Chemi-*

*cal, Inc.* v. *Highland Resources, Inc.*, 265 Ark. 468, 579 S.W.2d 89 (1979).

In view of the lack of any basis to establish the 8% interest rate suggested by Ms. Gavin and the lack of any convincing argument that the rate is controlled by Ark. Const. art. 19, § 13, or any basis to establish a proper interest rate should it be applicable, we affirm.

Affirmed.

BROWN, J., dissents.

ROBERT L. BROWN, Justice, dissenting. I respectfully dissent and would consider the issue of the attorney's fee award on the merits — not on the basis of a deficient abstract.

The abstract clearly states, as the majority opinion admits, that the trial court and the attorneys debated whether an attorney's fee was appropriate for work done after the divorce decree for matters not involving alimony, maintenance, or support. Our statutes provide for post-decree attorney's fees only for enforcement of awards in those limited categories. *See* Ark. Code Ann. § 9-12-309(b) (Repl. 1993). It is further clear from the briefs that the work done by Mrs. Gavin's attorney after the decree dealt with enforcement matters unrelated to alimony, maintenance, or support. Indeed, Mrs. Gavin in her Statement of the Case details three areas where she had to incur additional attorney's fees: (1) a contempt hearing due to Mr. Gavin's attempt to thwart a real estate sale; (2) an enforcement action dealing with a marital bank account; and (3) an enforcement action to collect attorney's fees and counseling fees. Neither party contests this. Nor does counsel for Mrs. Gavin argue that any other statutory basis for the fee award applies. The stated issue is whether Mrs. Gavin's counsel should be paid for work done to enforce other aspects of the decree which included division of marital property. Where the framed issue is clear and the facts are not in dispute, we should decide the question.

Further, when the parties agree on an interest rate to apply post-decree, I question the existence of a remaining case or controversy. Though the reasoning of the majority opinion about some basis for a concession is logical, the parties did not argue on appeal that the interest rate was in dispute. A ready inference

from the briefs is that the eight percent rate was calculated, using the federal discount rate plus five percent. That is sufficient for me. In sum, I question whether we should resurrect an issue and scrutinize it when the parties have laid the dispute to rest and where there is a basis for the appellee's concession.