Anne WINANS *v.* T. Revillon WINANS

CA 95-1185                                                934 S.W.2d 546

Court of Appeals of Arkansas
Division III
Opinion delivered December 18, 1996

*David H. Williams*, for appellant.

*Leslie R. Ablondi*, for appellee.

JAMES R. COOPER, Judge. The parties in this chancery case appeared in open court on July 13, 1994. At that time, a property settlement agreement was read into the record, and the parties

stated under oath that they agreed to the terms thereof. The agreement was complete with the exception of one item, i.e., the amount of money the appellee was to pay to reimburse the appellant for paying the appellee's personal tax liability. This item was expressly left out of the agreement recited in court; the appellee's attorney was to prepare a precedent incorporating the correct figure. After this was done, the appellant did not agree with the figure provided by the appellee and she so informed her former attorney. However, her former attorney failed to investigate the matter and failed to attend or inform the appellant of a hearing set for adjudication of the correct figure and entry of the decree. The appellee did attend the hearing, and the divorce decree was entered on December 20, 1994. The appellant, after learning that the decree had been entered, filed on January 5, 1995, a motion for a new trial or to set aside the decree. After a hearing on June 10, 1995, an order denying the motion was entered on August 15, 1995. On August 16, 1995, the appellant filed a notice of appeal challenging the correctness of the divorce decree of December 20, 1994, and the granting of attorney's fees to the appellee by an order of July 17, 1995.

The appellee has filed a motion to dismiss the appeal on the grounds that the appellant's notice of appeal was untimely. We grant the motion with respect to the issues regarding the divorce decree of December 20, 1994.

Although Ark. R. App. P.—Civ. 4 allows thirty days for a notice of appeal to be filed after a motion for a new trial is deemed denied, the notice of appeal in the case at bar was not filed within the thirty-day period. The motion in the case at bar was deemed denied on February 6, 1995, and no notice of appeal was filed until August 16, 1995.

The appellant contends that her motion should be regarded as one for setting aside a judgment on the ground of newly-discovered evidence under Ark. R. Civ. P. 60(c)(1), which may be granted more than ninety days after the entry of judgment. We do not agree. The "newly discovered evidence" asserted in the case at bar is merely the fact that the hearing was held: the appellant's former attorney failed to inform the appellant of the hearing date, and the hearing took place in their absence, with the appellee

present.[1] However, this does not constitute newly discovered evidence to authorize a new trial, which has been defined as evidence:

> [R]elevant and material to the issue involved in the original case . . . and due diligence must be shown.

*Forsgren* v. *Massey*, 185 Ark. 90, 93, 46 S.W.2d 20 (1932). The date of the hearing, while important to the parties, was not an item of evidence; nor was it relevant and material to the amount of tax liability, which was the issue involved in the original case; nor has there been a showing of due diligence.

■ It has been held that a party cannot invoke Rule 60(c) when the party ignored the action and failed to stay informed. *CMS Jonesboro Rehabilitation, Inc.* v. *Lamb*, 306 Ark. 216, 812 S.W.2d 472 (1991). For whatever reason, that is what happened in the case at bar, and we consequently grant the appellee's motion to dismiss with respect to the issues relating to the decree of December 20, 1994.

■ Because the notice of appeal was filed within thirty days of the July 17, 1995, order awarding attorney's fees to the appellee, the notice of appeal was timely with respect to that order. However, we find no merit in the appellant's contention that the chancellor erred in awarding attorney's fees to the appellee. The award of attorney's fees in a domestic relations case lies within the sound discretion of the chancellor, *Gavin v. Gavin*, 319 Ark. 270, 890 S.W.2d 592 (1995), and we find nothing in the record before us to show that the chancellor's considerable discretion was abused in the case at bar. As the chancellor noted, the hearings and proceedings at issue should not have been necessary in a case where the parties stated their agreement in open court more than one year beforehand. We cannot say that it was an abuse of discretion to award attorney's fees under these circumstances, and we affirm.

Dismissed in part; affirmed in part.

JENNINGS, C.J., and MAYFIELD, J., agree.

---

[1] This was not a default judgment, *Dawson* v. *Picken*, 1 Ark. App. 168, 613 S.W.2d 846 (1981), so Rule 55 is not applicable.