The Honorable Sam Ledbetter State Representative 324 Charles Street Little Rock, AR 72205-4303
Dear Representative Ledbetter:
You have presented the following question for my opinion:
 Do the current fees that are associated with court fines violate Arkansas' usury limit?
It is my understanding that your question refers to the fee that is imposed for the installment payment of court fines pursuant to A.C.A. § 16-13-704.
RESPONSE
Although the Arkansas Supreme Court has not addressed the question you have raised, nor has it interpreted the provisions of A.C.A. § 16-13-704
in any other context, it is my opinion, based on analogous precedent from the court, that the fee that is imposed pursuant to A.C.A. § 16-13-704
upon defendants who are permitted to pay their fines in installments does not violate Arkansas' usury law.
Under A.C.A. § 16-13-704, the courts are authorized to permit defendants to pay their fines in installments. That statute also requires that an "installment fee" of $5.00 per month be imposed upon the defendant if the court permits such installment payments. The pertinent sections of the statute state:
 (a)(1) If the court concludes that the defendant has the ability to pay the fine, but that requiring the defendant to make immediate payment in full would cause a severe and undue hardship for the defendant and the defendant's dependents, the court may authorize payment of the fine by means of installment payments in accordance with this subchapter.
 (2)(A) When a court authorizes payment of a fine by means of installment payments, it shall issue, without a separate disclosure hearing, an order that the fine be paid in full by a date certain and that in default of payment the defendant must appear in court to explain the failure to pay.
 (B) In fixing the date of payment, the court shall issue an order which will complete payment of the fine as promptly as possible without creating a severe and undue hardship for the defendant and the defendant's dependents.
 (b)(1) In addition to the fine and any other assessments authorized by this subchapter, an installment fee of five dollars ($5.00) per month shall be assessed on each person who is authorized to pay a fine on an installment basis.
A.C.A. § 16-13-704(a) and (b)(1).
Arkansas' usury limit is stated in Article 19, § 13 of the Arkansas Constitution (as amended by Amendment 60), as follows:
13. Maximum lawful rates of interest.
(a) General Loans:
 (i) The maximum lawful rate of interest on any contract entered into after the effective date hereof shall not exceed five percent (5%) per annum above the Federal Reserve Discount Rate at the time of the contract.
 (ii) All such contracts having a rate of interest in excess of the maximum lawful rate shall be void as to the unpaid interest. A person who has paid interest in excess of the maximum lawful rate may recover, within the time provided by law, twice the amount of interest paid. It is unlawful for any person to knowingly charge a rate of interest in excess of the maximum lawful rate in effect at the time of the contract, and any person who does so shall be subject to such punishment as may be provided by law.
 (b) Consumer Loans and Credit Sales: All contracts for consumer loans and credit sales having a greater rate of interest than seventeen percent (17%) per annum shall be void as to principal and interest and the General Assembly shall prohibit the same by law.
(c) Definitions: As used herein, the term:
 (i) "Consumer Loans and Credit Sales" means credit extended to a natural person in which the money, property, or service which is the subject of the transaction is primarily for personal, family or household purposes.
 (ii) "Federal Reserve Discount Rate" means the Federal Reserve Discount Rate on ninety-day commercial paper in effect in the Federal Reserve Bank in the Federal Reserve District in which Arkansas is located.
(d) Miscellaneous:
 (i) The rate of interest for contracts in which no rate of interest is agreed upon shall be six percent (6%) per annum.
 (ii) The provisions hereof are not intended and shall not be deemed to supersede or otherwise invalidate any provisions of federal law applicable to loans or interest rates including loans secured by residential real property.
 (iii) The provisions hereof revoke all provisions of State law which establish the maximum rate of interest chargeable in the State or which are otherwise inconsistent herewith. [As amended by Const. Amend. 60.]
Arkansas Constitution, Article 19, § 13.
Although the Arkansas Supreme Court has never addressed the applicability of the above-quoted constitutional usury provision to the "installment fee" that is required under A.C.A. § 16-13-704(b), it has addressed an analogous charge: post-judgment interest — i.e., interest on a judgment that has been entered by a court against a defendant. The court first addressed the constitutionality of post-judgment interest in McElroy v.Grisham, 301 Ark. 4, 810 S.W.2d 933 (1991). In that case, the plaintiff filed suit for equitable relief from a set of contracts, arguing that they were usurious. The trial court did find the contracts to be usurious, but also found that the plaintiff owed the defendants a balance under the contracts, and thus awarded the defendants post-judgment interest on that balance. The plaintiff argued on appeal that such post-judgment interest violated Arkansas' usury law (Art. 19. § 13). The court rejected this argument, stating: "Art. 19 voids only the payment of interest under the usurious contract and has nothing to do with the interest due on the judgment amount." McElroy, 306 Ark. at 15.
The court took the same approach to post-judgment interest on a tort judgment, in Carroll Elec. Coop. Corp. v. Carlton, 319 Ark. 555,892 S.W.2d 496 (1995). In that case, the court specifically addressed the constitutionality of A.C.A. § 16-65-114, which provides for a post-judgment interest rate of 10%. The statute states:
 (a) Interest on any judgment entered by any court or magistrate on any contract shall bear interest at the rate provided by the contract or ten percent (10%) per annum, whichever is greater, and on any other judgment at ten percent (10%) per annum, but not more than the maximum rate permitted by the Arkansas Constitution, Article 19, Section 13, as amended.
A.C.A. § 16-65-114(a).
The trial judge in Carroll Elec. apparently crossed out the portion of the judgment form that provided that the amount of recovery of the plaintiffs shall bear interest at 10% per annum, and wrote above it the rate of 8%. The defendant argued during the appeal that the trial court was correct in making this change because the 10% rate would have violated the usury prohibition of Article 19, § 13, and the language of the statute specifically limited post-judgment interest to the maximum allowable rate under the constitution. Relying on the reasoning ofMcElroy, the Arkansas Supreme Court rejected this argument and held that this action by the trial judge constituted error. The court stated:
 Article 19, section 13, of the Constitution does not apply to interest on judgments. McElroy v. Grisham, 306 Ark. 4, 810 S.W.2d 933 (1991). Interest should have been provided at the statutory rate. We therefore reverse only that portion of the judgment providing for 8% interest per annum on the judgment, and we modify it to provide that interest on the judgment shall be 10% per annum.
Carroll Elec., 319 Ark. at 565.
The issue of the constitutionality of statutory post-judgment interest arose again in Gavin v. Gavin, 319 Ark. 270, 890 S.W.2d 592 (1995). In that case, the trial court awarded attorneys' fees and interest thereon at a rate of 10%. The defendant argued that this interest rate violated both the limitation language of A.C.A. § 16-13-704 and Article 19, § 13. It was suggested that the allowable rate of interest should have been 8%. The court disagreed, stating:
 We pointed out in McElroy v. Grisham, 306 Ark. 4, 810 S.W.2d 933
(1991), that Article 19 has nothing to do with interest on a judgment amount.
* * *
 Article 19, 13, limits interest on general loans and consumer loans and credit sales. As to general loans, it provides for penalties in the event interest specified in a contract is in excess of 5% above the federal discount rate at the time of the contract. It voids contracts for consumer loans and credit sales when interest is to be at a rate greater than 17%. Even if the "general loans" provision were applicable here, there is nothing before us from which we could determine the federal discount rate to be used in the formula to be applied.
* * *
 In view of the lack of any basis to establish the 8% interest rate . . . and the lack of any convincing argument that the rate is controlled by Ark. Const. art. 19, 13, or any basis to establish a proper interest rate should it be applicable, we affirm.
Gavin, 319 Ark. at 273.
In all of the above-cited cases, the court appears to have viewed post-judgment interest as not constituting a "loan" within the meaning of Article 19, § 13. It is my opinion that if the Arkansas Supreme Court were presented with the question that you have raised, it would approach the issue in the same way that it has approached the issue of statutory post-judgment interest and would hold that Article 19, § 13 simply does not apply to the statutory fee that is imposed pursuant to A.C.A. §16-13-704.[1] For this reason, I conclude that this fee does not violate Arkansas' usury law.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] I note that the last sentence of the above-quoted passage fromGavin appears to indicate that the court would be willing to entertain an argument that Article 19, § 13 should control statutorily imposed interest charges. In this regard, I also note that the court reiterated in McElroy that the burden is upon the one asserting usury to show that a transaction is usurious, and usury will not be presumed, imputed, or inferred where an opposite result can be fairly reached. Winkle v. GrandNat'l Bank, 267 Ark. 123, 601 S.W.2d 559 (1980). The court also stated: "The test . . . is not whether the "lender" intended to violate the usury laws, but whether the lender knowingly entered into a usurious contract intending to profit by the methods employed." McElroy, 306 Ark. at 9, citing Winkle, supra; Davidson v. Commercial Credit Equip. Corp.,255 Ark. 127, 499 S.W.2d 68 (1973). The court has reiterated more recently that it will look to the all of the attendant facts and circumstances of each case to determine whether a particular charge is usurious, and will not rely on the designation of that charge (e.g., "fee," "interest," "charge," etc.). See Luebbers v. Money Store, 344 Ark. 232, 40 S.W.3d 745
(2001).