Cite as 2022 Ark. App. 165

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-21-175

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** April 13, 2022 |
| KENNETH NORMAN | | |
| | APPELLANT | APPEAL FROM THE CLARK COUNTY CIRCUIT COURT |
| | | [NO. 10CV-20-53] |
| V. | | |
| | | HONORABLE C. A. BLAKE BATSON, JUDGE |
| CANDACE CRAFT | | |
| | APPELLEE | REVERSED AND REMANDED |

## LARRY D. VAUGHT, Judge

Appellant Kenneth Norman appeals the Clark County Circuit Court's order denying his motion and amended motion to set aside a default judgment in the amount of $8,618.30 entered against him in favor of appellee Candace Craft.[1] Norman argues that the circuit court abused its discretion in failing to set aside the default judgment under Arkansas Rule of Civil Procedure 55. We hold that the circuit court abused its discretion in failing to set aside the default judgment; therefore, we reverse and remand.

On April 21, 2020, Craft filed a complaint against Norman alleging that he failed to pay rent pursuant to a residential lease agreement and that he was liable for damages that he caused to the property. Craft attached the lease agreement and an "affidavit on account" to her

---

[1]While every pleading in the record has Craft's first name spelled as "Candice," there is one document that Craft signed, and she spelled her first name "Candace." Accordingly, we use the spelling "Candace" in this opinion.

complaint. In her "affidavit," which is unsworn, unverified, and not notarized, Craft states that she is entitled to $5,885.80 in damages for unpaid rent, late fees, cleaning fees, and repairs. She also states that she is entitled to costs (attorney's fees, filing fees, summons fees, and service-of-process fees) that she incurred in pursuing the action against Norman totaling $2,732.50. The total amount of damages claimed by Craft in her "affidavit" is $8,618.30.

Norman was served with the complaint on April 24, and he filed a pro se answer on May 20. The matter was set for a hearing on September 2; however, Norman moved to continue the hearing on the basis that he had hired an attorney to represent him, and the attorney needed time to prepare. Norman's attorney filed an amended answer on behalf of Norman on August 21. On September 2, the circuit court entered an order continuing the hearing. The matter was reset for November 5.

On November 5, Craft and her attorney appeared for the hearing, but neither Norman nor his attorney appeared. Craft's attorney advised the circuit court that Craft had filed a complaint that had the lease and the "affidavit on account" attached thereto, and then Craft's counsel moved for default judgment for $8,618.30. Without hearing any testimony or admitting any evidence, the circuit court granted the motion.

Norman moved to set aside the default judgment on November 5. In the motion, Norman's attorney set forth several reasons why he failed to appear, stated that he had a meritorious defense to Craft's complaint, and requested that the court set aside the default judgment pursuant to Arkansas Rule of Civil Procedure 55(c)(4). Craft objected to Norman's motion to set aside the default judgment, arguing that the November 5 hearing had not been

2

continued, calling into question the reasons offered for Norman's attorney's failure to attend the hearing, and stating that Norman failed to attend the hearing as well.

On November 12, the circuit court entered an order titled "Default Judgment After Hearing." The order states that the cause of action was submitted on the complaint and its exhibits, the summons issued against Norman, the return of service showing Norman was served, "evidence introduced by [Craft]," and "other matters and proof." The court's order further states that Norman and his attorney "failed to appear or defend" the November 5 hearing, Craft orally moved for default judgment, and the court granted the motion and entered a default judgment against Norman in the amount of $8,618.30.

On November 20, Norman filed an amended motion to set aside the default judgment. He argued that he had not waived his right to a jury trial, and the default judgment entered against him denied him his right to a trial by jury. He also argued that pursuant to Rule 55(b), he was entitled to be served with written notice of the application for default judgment at least three days prior to the default-judgment hearing but did not receive it. Craft responded to the amended motion to set aside the default judgment arguing that Norman did waive his right to a jury trial. Craft also argued for the first time that Rule 55 does not apply in this case because Norman appeared or otherwise defended this case; therefore, his amended motion to set aside the default judgment should be denied.

On December 7, the circuit court held a hearing on Norman's motions to set aside the default judgment. The court asked Norman's counsel if he was prepared to present evidence of his meritorious defense as required under Rule 55(c), and Norman's counsel said no because

3

Norman was unable to attend. Norman's counsel asked the court to reset the hearing, and the court agreed. The hearing was rescheduled for December 16.

At the onset of the December 16 hearing, counsel for Norman stated that he was prepared to present evidence of Norman's Rule 55(c) meritorious defense. Counsel for Craft interjected and stated that evidence of Norman's meritorious defense was irrelevant because Rule 55 did not apply. More specifically, Craft cited *Dawson v. Picken*, 1 Ark. App. 168, 613 S.W.2d 846 (1981), and argued that Rule 55 did not apply because Norman pleaded in the case by filing answers to the complaint. Therefore, no default judgment was entered. Instead, argued Craft, the circuit court entered a judgment on the merits. In response, Norman argued that Rule 55 applied because Craft orally moved for default judgment at the hearing, the court entered a default judgment, and no testimony or evidence of damages was introduced at the hearing. The circuit court orally found that Rule 55 did not apply but denied Norman's motion to set aside the default judgment. On December 28, the circuit court entered an order denying Norman's motion and amended motion to set aside the default judgment. Norman's appeal followed.

The standard by which we review the granting or denial of a motion to vacate a default judgment is whether the circuit court abused its discretion. *Tharp v. Smith*, 326 Ark. 260, 263, 930 S.W.2d 350, 352 (1996); *Harold M. v. Clark*, 316 Ark. 439, 445, 872 S.W.2d 410, 414 (1994).

The issue presented in this case revolves around the circuit court's "Default Judgment After Hearing." Norman contends that the judgment is a default judgment and that the court abused its discretion in failing to set it aside pursuant to Arkansas Rule of Civil Procedure

4

55(c).[2] In order to determine whether the circuit court's judgment is a default judgment, we must examine Rule 55(a), which provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, judgment by default may be entered by the court." Ark. R. Civ. P. 55(a) (2021).

It is undisputed that Norman did not fail to plead in this case. He filed an answer and an amended answer to Craft's complaint, which are pleadings. Ark. R. Civ. P. 7(a) (2021).[3] Furthermore, Norman's failure to attend the final hearing cannot be construed as a failure to "otherwise defend." The reporter's notes to Rule 55 state that the word "plead" in Rule 55(a) has independent meaning from the phrase "otherwise defend" and that the latter is referring to the filing of motions. Ark. R. Civ. P. 55 addition to reporter's notes, 1999 amend.;[4] *see also* Ark. R. Civ. P. 7(a) & (b) (distinguishing between pleadings and motions); *Tapp v. Fowler*, 291 Ark. 309, 312–13, 724 S.W.3d 176, 178 (1987) (holding that a default judgment was not proper against a defendant who had timely moved to dismiss pursuant to Arkansas Rule of Civil

---

[2]Rule 55(c) sets forth the bases on which a default judgment may be set aside, and they include (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud, misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. Ark. R. Civ. P. 55(c) (2021). The rule also provides that the party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown. *Id.*

[3]Rule 7(a) includes a list of pleadings allowed, and the list includes an answer. Ark. R. Civ. P. 7(a).

[4]While the reporter's notes are not precedent for this court, they may offer some guidance as to a rule's meaning. *Green v. Mills*, 339 Ark. 200, 206, 4 S.W.3d 493, 496 (1999).

Procedure 12(b), even if he or she subsequently failed to file an answer after the motion is denied).[5]

Because Norman filed an answer and amended answer to Craft's complaint, he did not fail to plead, and because his failure to attend the final hearing does not fall within the meaning of failing to otherwise defend, the rule that authorizes the entry of default judgments—Rule 55—does not apply to this case, and Norman is not in default. While the circuit court ultimately found that the judgment was not a default judgment and that Rule 55 did not apply, it nevertheless denied the motions to set aside the default judgment. As a result, the default judgment still stands, and it cannot.[6] Accordingly, we hold that the circuit court abused its discretion in denying Norman's motions to set aside the default judgment and reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

GRUBER and HIXSON, JJ., agree.

*Mathis Law Firm*, by: *Winston C. Mathis*, for appellant.

*Jonathan Huber*, for appellee.

---

[5]The reporter's notes further state that the phrase "otherwise defend" in the corresponding federal rule refers to motions that, by definition, are not pleadings. Ark. R. Civ. P. 55 addition to reporter's notes, 1999 amend. (citing *Bass v. Hoagland*, 172 F.2d 205 (5th Cir. 1949)).

[6]Contrary to Craft's argument, the circuit court's "Default Judgment After Hearing" cannot be construed as a judgment on the merits because there has been no determination of liability in this case on which to award damages, and there was no evidence presented at the hearing to support such a judgment.